F. A. WOOD, *Plaintiff in Error*, v. CAROLINE WORCH, *et al.*, *Defendants in Error*.

Opinion Filed November 10, 1914.

In an action against a county commissioner personally for alleged negligence in giving directions for the burning in his absence of brush by laborers who are working on the public highways of the county, the proofs are held to be insufficient to sustain a verdict against the defendant county commissioner.

Writ of error to Circuit Court for Pinellas County; F. M. Robles, Judge.

Judgment reversed.

*W. R. Roland* and *H. P. Baya*, for Plaintiff in Error;

*Macfarlane & Chancey*, for Defendants in Error.

WHITFIELD, J.—The declaration herein alleges in effect

that the defendant F. A. Wood, a county commissioner, on a stated day, had the care and superintendence of a certain public highway, and "had in his employ as such county commissioner aforesaid, divers laborers, servants and employees working along, on and upon said public highway, at or near where the same traverses and abuts plaintiff's premises; that the trees and undergrowth taken from said highway had become highly combustible and inflamable, which fact was known to the said defendant, or should have been known to him; that the plaintiff's said dwelling-house was located about fifty or sixty feet from said highway, and that the said defendant, through his said laborers, servants and employees, had permitted the trees and underbrush, taken from said highway, to accumulate on or along said highway, and in close proximity to the plaintiff's said dwelling-house, and to become highly combustible and inflamable, as aforesaid; and that on said date there was a strong and brisk wind blowing in the direction of plaintiff's said dwelling-house from the trees and underbrush, and that the said defendant knew, or ought to have known that the burning of said combustible and inflamable trees and underbrush, on said date, on or near said highway, and in close proximity to plaintiff's said dwelling-house, would cause plaintiff's said dwelling-house to become ignited and burned, yet the said defendant, well knowing the premises, carelessly, negligently and from a reckless disregard of consequences, directed and instructed his said laborers, servants and employees to pile into a heap said combustible and inflammable trees and underbrush, and to burn the same, at a point about sixty feet away from plaintiff's said dwelling-house; that defendant's said laborers, servants and employees, in *obedience* to the instructions received by them from said defendant, piled and burned said combustible

and inflammable trees and underbrush, and that from the burning of the same, sparks, embers and coals of fire were emitted therefrom, and carried by the wind to, against and upon the roof of plaintiff's said dwelling-house, thus and thereby causing said dwelling-house to become ignited and that said dwelling-house" was burned and totally destroyed with its contents.

A demurrer to the declaration was overruled and trial was had on a plea of not guilty, which, under Circuit Court Rule 71, "shall operate as a denial only of the breach of duty or wrongful act alleged to have been committed by defendant, and not of the facts stated in the inducement, and no other defense than such denial shall be admissible under that plea." Judgment was rendered for the plaintiffs and the defendant took writ of error. The contentions here are that the court erred in overruling the demurrer to the declaration, and in denying a motion for a new trial.

While it may be lawful under the allegations of the declaration to prove a cause of action against the defendant, the proofs adduced do not show liability of the defendant, who was acting in his official capacity in giving to his employees directions for burning brush in working on the public road in his absence. There is no statutory presumption of negligence arising from the fire loss in this case. The facts and circumstances in evidence do not fairly raise such a presumption and the doctrine of *res ipsa loquitur* is not applicable here, even if the burden of proof would be thereby affected or shifted. See Sweeney v. Erwing, 228 U. S. 233, 33 Sup. Ct. Rep. 416.

In recognition of the degree of negligence required to be shown in such cases as this, the plaintiffs allege that the defendant, "well knowing the premises (the facts

stated in the inducement) carelessly, negligently and from a reckless disregard of consequences, directed and instructed his said laborers, servants and employees to pile into a heap said combustible and inflamable trees and underbrush and to burn the same, at a point about sixty feet away from plaintiff's said dwelling-house; that defendant's said laborers, servants and employees, in obedience to the instructions received by them from the defendant, piled and burned said combustible and inflamable trees and underbrush, and that from the burning of the same, sparks, embers and coals of fire were emitted therefrom, and carried by the wind" burned plaintiff's property. Upon the plaintiffs was the burden of proving the alleged character and degree of negligence on the part of the defendant, as well as other essential elements of the cause of action alleged. The evidence is that the defendant told the employees "to burn the trash in the road or close to the road, saying, 'you better clean up the brush, trash and burn it today;'" that the wind was "blowing a little," "just a light breeze;" that defendant did not that day tell the employees to be careful, but "he had told us time and again to be careful with it, but I don't remember his saying it that day;" that the "brush pile was on the opposite side from this house;" "that the road is thirty feet wide, the house was about twenty-seven feet from the fence; that the defendant was not present when the fire was set to the brush or when the house was burned."

This evidence does not show any act or omission on the part of the defendant, an officer in the discharge of a public duty, that indicates "a reckless disregard of consequences," in giving instructions to employees on the public highway as is alleged. The defendant was not present and did nothing to contribute to the plaintiff's loss, and the evidence does not show an unlawful or a reckless, or

even a careless giving of orders for the guidance of those working on the public highway, whose act is stated to be the direct cause of the alleged injury.

The evidence being insufficient in law to sustain the verdict, the judgment is reversed and a new trial is allowed.

Judgment reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.