I. C. OWEN, *Plaintiff in Error,* v. JOHN W. BAGGETT, JR., R. A. ROZIER, B. P. EDGE, J. H. GIVENS AND W. J. DAVIS, *Defendants in Error.*

Opinion filed May 5, 1919.

1. In exercising the authority conferred upon them by the statutes , with reference to public roads and bridges, the county commissioners are a State agency, having administrative discretion in the discharge of their official functions, and they are not personally liable to individuals in damages for injuries caused by their negligence in the performance of their statutory road and bridge duties, even when they have funds sufficient to keep the highways of the county in good repair, when they do not personally, directly and intentionally contribute to the injury complained of.   Their authority as to roads and bridges is administrative, not merely ministerial, and is exercised for the public and not for any individual.

2. Unlike officers who serve individuals, such as those who ministerially record documents or serve writs for parties or police officers who commit trespass or assault under color of their authority to arrest or keep the peace, the county commissioners in exercising their statutory discretionary administrative authority, do not serve any partcular indivdual, but only the State and the public generally.

3. A demurrer admits the facts well pleaded that are not inconsistent with law.

A Writ of Error to the Circuit Court for Okaloosa County; A. G. Campbell, Judge.

Judgment affirmed.

*D. Stuart Gillis* and *John P. Stokes,* for Plaintiff in Error;

*Blount & Blount & Carter,* for Defendants in Error.

WHITFIELD, J.—An action was brought by Owen against the several members of the Board of County Commissioners of Okaloosa County, Florida, personally, to recover damages for the death of Owen's wife and child and the loss of property caused by the falling of a bridge over a river on the public highway in the county on the ground that the defendants negligently failed in their duty to keep and maintain the bridge in good repair. A demurrer to the declaration was sustained, the plaintiff declined to amend and took writ of error to a final judgment for defendants on the demurrer.

The different counts of the declaration allege that the defendants, county commissioners, "were authorized, empowered and in duty bound to keep and maintain in good repair the county bridges of said county; but that the defendants, ignoring and disregarding their duty in that behalf, negligently and carelessly suffered and permitted" the bridge "to become and remain in an unsafe and dangerous condition, a menace to the safety of the lives and property of those traveling thereover, from as a result of which plaintiff's wife, and his minor child in the night time while they were traveling thereover, were" lost as alleged and plaintiff was injured and his property was lost as stated. In other counts it is alleged that the negligence was in "negligently permitting the abutments and mudsills of said bridge and the foundation thereof to be weak and insecure, having, by the action of the waters of said river, been undermined, and the braces,

supports and superstructure of the same had become old, weak and out of place, all of which was, or should have been known to defendants." Other counts allege "that for a long time prior to the happening of the injury hereinafter set forth, and after the bridge hereinafter mentioned had become out of repair and in an unsafe and dangerous condition, as hereinafter set forth, the defendants, as County Commissioners, aforesaid, had in hand or under their control the funds necessary to place and keep and maintain said bridge in good repair, but that the defendants, ignoring and disregarding their duty in the premises, carelessly and negligently suffered and permitted the bridge to become and remain out of repair and in an unsafe and dangerous condition, a menace to the safety of the lives and property of those traveling thereover." Other counts allege "that for a long time prior to the happening of the injury hereinafter set forth, and after the bridge hereinafter mentioned had become out of repair and in an unsafe and dangerous condition, as hereinafter set forth, the defendants, as County Commissioners, aforesaid, had in hand or under their control the funds necessary to place, keep and maintain said bridge in good repair, but that the defendants, ignoring and disregarding their duty in the premises, so carelessly and negligently suffered and permitted the bridge to become and remain out of good repair and in an unsafe and dangerous condition, a menace to the safety of the lives and property of those traveling thereover, in this: that the abutments and mudsills of said bridge and the foundations thereof were weak and insecure, having, by the action of the waters of said river, been undermined, and the braces, supports and superstructure thereof had become old, weak and out of place, all of which was, or should have been, known to defendants." Other counts

allege that the bridge "had become and was, with the full knowledge of defendants, out of repair and in a bad condition, unsafe and dangerous and a menace to the safety of the traveling public and the property being transported thereover; that the defendants, with the knowledge, aforesaid, undertook to repair said bridge, which had become and was in the condition aforesaid, but, under the guise and pretense of repairing the same and placing it in good repair so that same would be safe and not dangerous and a menace to the safety of the traveling public and the property being transported thereover, negligently and carelessly failed to perform their duty in the premises." Other counts contain allegations more or less of the same nature, the details differing in form but not in legal effect.

The statutes provide that the county commissioners "shall have power * * * to build and keep in repair county buildings, roads and bridges," "To alter, lay out, maintain, establish, vacate or discontinue any road or highway in their respective counties." § 769, Gen. Stats. 1906.

"The county commissioners of this State are hereby invested with the general superintendence of the public roads within their respective counties, and may establish new, change and discontinue old roads, and keep the same in good repair in the manner herein provided." § 835 Gen. Stats. 1906.

"The Board of County Commissioners of the several Counties are hereby authorized to appoint an experienced and competent road builder, who shall be known as the Superintendent of Public Roads, at a salary not exceeding one hundred and twenty-five ($125.00) dollars per month. All work on the public roads of the County, out-

side of cities and towns, shall be under the supervision of such superintendent, who shall be responsible to and subject to the direction of the Board of County Commissioners.

"The Board of County Commissioners are hereby authorized to let the work on roads and bridges of the several Counties out on contract, when, in their judgment, such work can be done to the advantage of the several Counties." Secs. 5 and 6, Chap. 6537, Acts of 1913.

The common law is in force in this State. Sec. 59, Gen. Stats. 1906, Compiled Laws 1914; Stewart v. Stearns & Culver Lumber Co., 56 Fla. 570, 48 South. Rep. 19.

A county, being a political and geographical subdivision of the State for governmental purposes of a public nature, it is not liable in damages for injuries or losses sustained by travelers because of defects in highway bridges in the counties. Keggin v. Hillsborough County, 71 Fla. 356, 71 South. Rep. 372. A county performs its administrative functions through officers. The county not being liable for injuries caused by defective bridges on the highways of the county, the officials who exercise the administrative, discretionary authority of the county in keeping the highways of the county in repair for the use of the public, are likewise not liable in damages to those who suffer loss or injury because of defects in the highway, where such officers do not directly contribute to the injury or loss, or do not exercise their authority with intent to directly injure particular individuals in their personal or property rights. This is the rule of the common law, and it has not been changed in this State by statute. It is suggested that a rule of liability in such cases would stimulate the officers to a more efficient dis-

charge of their duties. This may be desirable as a matter of State policy, but the courts administer the law as it is. Modifications of the common law are for legislative consideration and action.

In exercising the authority conferred upon them by the statutes, with reference to public roads and bridges, the county commissioners are a State agency, having administrative discretion in the discharge of their official functions, and they are not personally liable to individuals in damages for injuries caused by their negligence in the performance of their statutory road and bridge duties, even when they have funds sufficient to keep the highways of the county in good repair, when they do not directly and intentionally contribute to the injury complained of. Their authority as to roads and bridges is administrative, not merely ministerial, and is exercised for the public and not for any individual. Unlike officers who serve individuals, such as those who ministerially record documents or serve writs for parties, or police officers who commit trespass or assault under color of their authority to arrest or to keep the peace, the county commissioners in exercising their statutory discretionary administrative authority do not serve any particular individual, but only the State and the public generally. See Lee v. Sills, 95 Miss. 623, 49 South. Rep. 259; Hipp v. Ferrall, 173 N. C. 167, 91 S. E. Rep. 831; 9 Corpus Juris 469; 4 R. C. L. 229; Snethen v. Harrison County, 172 Iowa 81, 152 N. W. Rep. 12; Youmans v. Thornton, — Idaho, —, 168 Pac. 1141.

The statutes contemplate that the building and repair of public roads and bridges shall be done by others, under the administrative authority of the county commissioners; and the commissioners may not contract with them-

selves to repair bridges. The declaration in this case does not allege that the defendants in fact were negligent in a way that was a trespass upon the plaintiff, or upon his wife, child or property or that they directly contributed as an efficient force to the injury alleged.

The declaration alleges that the defendant county commissioners, with full knowledge that the bridge was out of repair and in a bad condition, unsafe and dangerous and a menace to the safety of the traveling public and the property being transported thereover, undertook to repair the bridge and negligently and carelessly failed to perform their duty in the premises. These allegations, in view of the law defining the duties and obligations of the county commissioners with reference to the repair of bridges, do not amount to an allegation that the defendants personally undertook to repair the bridge and being negligent in repairing, thereby directly contributed to the plaintiff's loss, even if that would constitute a cause of action. The demurrer admits the facts well pleaded that are not inconsistent with law. The declaration does not state a cause of action against the defendants personally.

In Wood v. Worch, 68 Fla. 244, 67 South. Rep. 81, it was held that the proofs did not make a case for recovery of damages where a negligent command of the defendant county commissioners was in effect alleged to have been a proximate cause of the injury complained of.

Judgment affirmed.

BROWNE, C J., TAYLOR AND ELLIS, JJ., AND WILLS, CIRCUIT JUDGE, concur.

WEST, J., disqualified.