Maywood Farms Company, Appellant, v. Milk Wagon Drivers' Union of Chicago, Local 753 et al., Appellees.

**Gen. No. 41,706.**

Opinion filed January 19, 1942.

WILLIAM H. SLOAN, of Chicago, for appellant; MURPHY, LILLIANDER & GEMMILL and WILLIAM B. GEMMILL, all of Chicago, of counsel.

DAVID A. RISKIND and ABRAHAM W. BRUSSELL, both of Chicago, for appellees.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff appeals from an order modifying a permanent injunction which restrained the officers and members of the defendant union from carrying on a secondary boycott of plaintiff's dairy and its store customers by means of picketing.

This cause has already been in this court, and on October 16, 1939, we filed an opinion ordering the reversal of the decree of the lower court which dismissed the complaint, and remanding it with directions to enter the restraining order sought by the plaintiff, namely, to have defendants enjoined from picketing the stores of its customers. The abstract opinion is noted in 301 Ill. App. 607. That opinion recites all of the facts involved and it is unnecessary to detail them. Plaintiff is engaged in bottling milk and dairy products and distributing them by its trucks to stores, to be resold to the customers of such stores. Plaintiff also sells to independent vendors who buy the milk at plaintiff's plant.

The cause was redocketed in the trial court and the final decree was entered as directed.

February 13, 1941, defendants asked the trial court to vacate this final decree, or in the alternative to modify it in accordance with certain decisions of the United States Supreme Court, hereafter named. Various motions were made, and on March 4 the trial

court granted the motion to modify the permanent injunction, so as to "permit peaceful picketing of the premises belonging to plaintiff and of any of the stores purchasing and selling the products of the plaintiff."

Plaintiff, appealing from the order modifying the injunction so as to permit peaceful picketing, says it is still the law of this State that a secondary boycott is illegal and may be enjoined, to which defendants reply that the United States Supreme Court in *Milk Wagon Drivers' Union v. Meadowmoor Dairies, Inc.,* 312 U. S. 287, and *American Federation of Labor v. Swing,* 312 U. S. 321, has held that a secondary boycott is not illegal in this State. The trial court based its modification of the injunction on the opinions in these cases.

It may be conceded that the opinion of our Supreme Court in the *Meadowmoor* case (371 Ill. 377) seems to support the proposition that a secondary boycott is illegal. Counsel for the plaintiff analyze the decision. of the United States Supreme Court in the *Meadowmoor* case and arrive at the conclusion, which seems justified, that that case does not say or indicate that a secondary boycott cannot be enjoined in Illinois.

If there were no further decisions we might be left in some doubt, but opinions in two cases by our own Supreme Court seem to remove any further doubt as to the application of the United States Supreme Court cases. The first of these is *2063 Lawrence Ave. Bldg. Corp. v. Van Heck,* 377 Ill. 37, where it was said that a secondary boycott exists "where evil motive is found accompanied by unlawful acts" and that to give courts of equity jurisdiction to restrain a secondary boycott, "it must contain the element of coercion, either by threats, intimidation or violence." In that case the court held that the evidence failed to show any threats or violence indicating a secondary boycott, and that peaceful picketing should not be restrained under the decisions of the Supreme Court of the United States.

In *Ellingsen v. Milk Wagon Drivers' Union,* 377 Ill. 76, the facts were very much like those in the instant case. There the plaintiffs were the store owners and sought to enjoin the defendants from picketing their stores and interfering with their business. It was there argued that what took place amounted to a secondary boycott, which was contrary to the laws of this State. The opinion held that the decisions of the United States Supreme Court relating to the constitutional right of free speech are the law, binding on all State courts, and it followed from these decisions that the defendants in the *Ellingsen* case had a right, in a peaceful manner, to picket the stores of plaintiffs. The opinion said: "That the (defendants) . . . had a right to picket these stores has been unequivocally settled by the United States Supreme Court. . . . " The court examined the evidence in the case and found that there were such threats and intimidations as to warrant the issuance of an injunction against such actions, but that the decree should be modified to exclude from its scope peaceful picketing.

Both counsel have ably presented their respective theories of what the law is and what it should be, but we are of the opinion that the decision of our Supreme Court in the *Ellingsen* case controls the case at bar. In the light of that opinion, the modification of the injunctional order by the trial court was proper, and it is affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.