Carrie A. White et al., Appellants, v. Locomotive
Engineers Mutual Life and Accident Insurance
Association et al., Appellees.

Gen. No. 9,709.

Opinion filed January 27, 1942.

LEO P. BAIRD, of Galesburg, for appellants.

HARDY, HARDY & WITHERELL, of Galesburg, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On November 1, 1937, the Locomotive Engineers Mutual Life and Accident Insurance Association, incorporated, under the laws of the State of Ohio as a fraternal benefit society, issued its life insurance policy for $1,000 to Murry E. White. The insured died on June 13, 1940, while the policy was in force. Carrie A. White, Mable J. Hager and Ruth A. White, the beneficiaries named in the policy, brought suit on the policy on December 17, 1940. The complaint is in the usual form used in a suit on a life insurance policy.

The defendants filed an answer and a counterclaim. In the counterclaim it is alleged that the defendants issue life and accident policies to its members, and admit to membership only persons engaged in one or more crafts or hazardous occupations in the same or similar lines of business, namely, locomotive engine men; that its entire membership is derived from members of the Brotherhood of Locomotive Engineers, a labor organization; that from the time the policy was issued, until the death of Murry E. White, the insured, was a railroad engineer, which is a hazardous occupation; that he was a member of the Brotherhood of Locomotive Engineers Division 644; that on October 14, 1940, the circuit court of Knox county entered final judgments against the defendant in two garnishment proceedings, one for $287.36, with costs of $4.20, in favor of the beneficiary, Carrie A. White, and the other for $249.92, with costs of $2.80, in favor of the beneficiaries, Mable Hager and Ruth A. White; that both proceedings were brought for the use of E. M. D. Bracken, Frank B. Carson and Hannah Harper, as administrators of the estate of Daniel S. Robinson, deceased; that in each garnishment proceeding it was claimed that the amounts for which the judgments were entered were due the beneficiaries, or judgment debtors, as proceeds of the policy sued on. The substance of the prayer for relief of the

counterclaim is, that the defendants be· allowed set-offs for the amounts of the judgments entered in the garnishment proceedings.

The facts alleged in the counterclaim are admitted by the plaintiffs in their reply, and in a stipulation entered into by the parties to this suit.

The defendants did not appear in the garnishment proceedings. Upon default of the defendants, final judgments were entered against it for the amounts stated above. Upon motion of the defendants, the above-named administrators were made parties defendant to this suit. It is conceded that it was the duty of the defendants as garnishees to have interposed, in behalf of the beneficiaries, any statutory exemption of the proceeds of the policy in their favor who were the judgment debtors in the garnishment proceedings. (*Rumbold v. Supreme Council Royal League,* 206 Ill. 513.)

In their reply the plaintiffs stated: (1) That on July 1, 1937, the defendant as a fraternal benefit society, was under and by virtue of Article XVII of the Illinois Insurance Code, authorized to do business in the State of Illinois, and in pursuance of such authorization did on November 1, 1937, in the State of Illinois, enter into the contract of insurance set forth in the complaint. (2) That under and by virtue of section 313 of Article XVII of the Insurance Code [Jones Ill. Stats. Ann. 66.988], the money to be paid by any society authorized to do business under said article is not liable to attachment by trustee, garnishee, or other process, and shall not be seized, taken, appropriated or applied by any legal or equitable process, or operation of law, to pay any debt or liability of a certificate holder or any beneficiary named in a certificate, or any persons who have any right thereunder.

The defendants made a motion to strike the paragraph of the reply which alleges that the money to be

paid by the defendants to any beneficiary was exempt from garnishment. The court sustained the motion. It was admitted by the parties that $137.94 was primarily due the Brotherhood of Locomotive Engineers Division 644, out of the proceeds of the policy. The court entered judgment that the plaintiff, Carrie A. White, take nothing by her suit and that the plaintiffs, Mable J. Hager and Ruth A. White have and recover from the defendants, the amount of $324.78. The plaintiffs have appealed from this judgment.

The determination of the question whether the interests of the beneficiaries in the proceeds, or fund, of the policy were exempt from the garnishment, depends on whether there is a statutory enactment of the State of Illinois which exempts the fund from the writ of garnishment. (*Mineral Point R. Co. v. Barron*, 83 Ill. 365; *Roche v. Rhode Island Ins. Ass'n*, 2 Ill. App. 360.)

It is contended by the plaintiffs that the defendants, not having denied, by any pleading, the allegation of plaintiffs' reply, that the defendants were authorized to do business in the State of Illinois under Article XVII of the Insurance Code, the provisions of the sections of the article are binding on the defendants. Secondly, that a proper construction of the sections of Article XVII, hereafter quoted, exempt the proceeds of the policy from garnishment.

Article XVII of the Illinois Insurance Code provides for the management and control of fraternal benefit societies authorized to do business in this State, excepting such societies as the article exempts from the provisions of the article.

Section 308 of Article XVII [Jones Ill. Stats. Ann. 66.983], so far as pertinent to this decision, is as follows: *"Exemption of Certain Societies.* (1) Nothing contained in this article shall be so construed as to affect or apply to . . . (a) Orders, societies or asso-

ciations which admit to membership only persons engaged in one or more crafts or hazardous occupations, in the same or similar lines of business.''

Section 313 of the code is as follows: *"Funds Exempt from Legal Process.* The money or other benefit, charity, relief or aid to be paid, provided or rendered by any society authorized to do business under this article shall not be liable to attachment by trustee, garnishee, or other process, and shall not be seized, taken, appropriated or applied by an legal or equitable process, or by operation of law to pay any debt or liability of a certificate holder or of any beneficiary named in a certificate, or of any person who may have any right thereunder.''

In this case the parties, by their pleadings, could not change the provisions of the code, nor does the motion of the defendants to strike part of the reply admit as a fact a situation or condition which is legally impossible. (*Louisville & N. R. Co. v. Palmes,* 109 U. S. 244, 3 Sup. Ct. 193, 27 L. Ed. 922; *Owen v. Baggett,* 77 Fla. 582, 81 S. E. 888; *Murphy v. Bjelik,* 87 Ore. 329, 169 Pac. 520.) The allegation of the reply that the defendants were authorized to do business in the State of Illinois under Article XVII rests on the plaintiffs' construction of the article that foreign fraternal benefit societies exempted under clause (a) of sub-section 1 of section 308 of the code are authorized to do business in this State under the Article XVII. This construction of the article was not admitted by the motion to strike. (*McPhail v. People ex rel. Lambert,* 160 Ill. 77.) Foreign fraternal benefit societies must comply with Article VI of the Illinois Insurance Code, to transact business in this State. (Section 108, Article VI— Illinois Insurance Code [Jones Ill. Stats. Ann. 66.-783].)

The language of section 308 of Article XVII of the code is plain and positive. ''Nothing contained in this article shall be so construed as to affect or apply

to . . . (a) Orders, societies or associations which admit to membership only persons engaged in one or more crafts or hazardous occupations, in the same or similar lines of business.'' The legislature has declared in Article XVII the construction to be placed thereon. The purpose of construing a statute if not plain, is to ascertain the intention of the legislature and all other rules of statutory construction must give way to this cardinal rule.

The judgment of the circuit court of Knox county is affirmed.

*Affirmed.*