Montgomery Ward and Company, Inc., Appellant, v. Franklin Union, Local No. 4 et al., Appellees.

Gen. No. 43,039.

MATCHETT, J., concurring in result.

Opinion filed September 11, 1944.

STUART S. BALL and JOHN A. BARR, both of Chicago, for appellant.

POPPENHUSEN, JOHNSTON, THOMPSON & RAYMOND and FRANK E. McALLISTER, both of Chicago, for appellees; FLOYD E. THOMPSON, ALBERT E. JENNER, JR., FRANCIS D. O'MARA and ADOLF LOEB, all of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff filed its complaint at law against a number of unincorporated labor union associations and certain officers and agents of the unions to recover damages claimed to have been sustained by it on account of the action of defendants in causing delay in the printing of plaintiff's catalogue. Defendants' motions to strike the complaint were sustained, plaintiff elected to stand upon its complaint, the suit was dismissed at plaintiff's costs and it appeals.

The allegations of the complaint in short compass are that plaintiff solicits mail orders at retail from its several millions of customers throughout the country by means of catalogues in which its merchandise is described; that during November and December of 1942, its "Mid-Winter Sales Book" was being produced under a contract it had with the Cuneo Press, a corporation, the Noe Gravure Company, a subsidiary of Cuneo, R. R. Donnelley & Sons, incorporated and the Chicago Rotoprint Company which had performed similar services for a number of years for plaintiff. These four companies either produced materials for plaintiff or worked on materials belonging to plaintiff. Some of the materials produced or worked on by Donnelley & Sons were, while owned by plaintiff, worked on by employees of the Cuneo and Rotoprint Company

and some of the materials worked on or produced by Cuneo, while owned by Ward, were worked on by Donnelley & Sons. Donnelley & Sons operated what is known as an open shop while the other companies were unionized. The union employees of Cuneo and others refused to work on material in the preparation of plaintiff's catalogues which had been worked on by the employees of Donnelley and plaintiff claims that this conduct on the part of the employees of Cuneo and others caused delay in the preparation of its catalogue which resulted in the damages complained of.

Attached to and made a part of the complaint as exhibits were a number of agreements entered into between the labor unions and their respective employers specifying the duties of each, which contained a provision whereby the union reserved to its members "the right to refuse to execute all work received from or destined for struck offices, unfair employers or publications."

One of the grounds specified by defendants in the motions to strike the complaint was that the defendant unions being voluntary and unincorporated associations could not be sued in the association names in the absence of an enabling or permissive statute; that this was the rule at common law which had not been changed by statute and therefore the motion to dismiss was properly sustained.

On the other side counsel for plaintiff contend that the unions "are such legal entities as may be sued at law in the courts of Illinois," and a number of authorities are cited, discussed and applied.

Upon a consideration of the briefs and authorities cited by able counsel, we think it would serve no useful purpose to discuss in detail authorities cited for we have reached the conclusion that in the absence of a statute, the unions are not suable in their association names. *Cahill v. Plumbers, etc., Local,* 238 Ill. App. 123; *Kingsley v. Amal. Meat Cutters, etc.,* 323 Ill. App.

353; *Moffat Tunnel v. United States,* 289 U. S. 113; 4 Am. Jur. § 46, p. 485. Nor are we able to agree with the contention of counsel for plaintiff that the labor unions may be parties defendant by virtue of § 24 of the Illinois Civil Practice Act, 1943, ch. 110, par. 148, § 24 [Jones Ill. Stats. Ann. 104.024], for the reason, as counsel contends, that the question is one of procedure rather than one of substance. We are of opinion that the question involved is one of substance going to the jurisdiction of the court and not of procedure, 39 Am. Juris. p. 881; *Cahill v. Plumbers, etc., Local,* 238 Ill. App. 123.

There was no act of violence or threats by defendants. The employees of Cuneo and others had a right under the terms of the contracts entered into which were attached as exhibits, to refuse to work on jobs which were done in part by non-union craftsmen. If such employees had no right to refuse to work in such circumstances they have little or no rights at all which are of any value to union members. We agree with the statement of counsel for defendants when they say ''that the primary object of the defendants in refusing to work upon or with products that have been worked upon or with by non-union craftsmen was to further their own interests and to secure to themselves whatever improvement in their working conditions had been brought about by their membership in their respective unions. Whatever injury was suffered by plaintiff, if any, by reason of any act of these defendants is merely incidental and not actionable. *Fenske Bros. v. Upholsterers Union,* 358 Ill. 239.''

Counsel for plaintiff further contend that ''Count One of the complaint states a good cause of action for damages resulting from a secondary boycott.'' We think this contention cannot be sustained. This court has recently held that a secondary boycott is legal in this state. *Maywood Farms Co. v. Milk Wagon Drivers' Union,* 313 Ill. App. 24.

594

The judgment of the Superior court of Cook county is affirmed.

*Judgment affirmed.*

NIEMEYER, P. J., concurs.

MR. JUSTICE MATCHETT specially concurring: I concur in the result, for the reason that the complaint in my opinion does not state a cause of action.