## BROWARD COUNTY, FLA. v. WICKMAN.

### THE JUANITA.

### No. 13571.

United States Court of Appeals
Fifth Circuit.

April 10, 1952.

John U. Lloyd, Fort Lauderdale, Fla., for appellant.

Douglas D. Batchelor, David W. Dyer, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

STRUM, Circuit Judge.

While passing through a drawbridge owned and operated by Broward County, Florida, the yacht Juanita, formerly known as the Eldarette, struck an underwater projection which was part of the abutment of the bridge, damaging the yacht. Upon a libel *in personam* thereafter filed in admiralty, the owner recovered damages from the County, from which decree the County appeals.

The sole question for decision is whether or not a Florida county is suable *in personam* in admiralty for a maritime tort. Appellant contends that as a political subdivision of the state it is immune from process. Appellee, on the other hand, while admitting that the county is immune in actions at law arising *ex delicto*, contends

that such immunity does not extend to suits in admiralty based upon maritime torts, because admiralty courts are not bound by principles of immunity which control in actions at law. From this appellee concludes that in such cases counties are amenable to admiralty process. The trial court so held.

It is not questioned that under section 125.15, Fla.Stat.1941, F.S.A., a Florida county is suable *ex contractu* for its debts. Sarasota County v. American Surety Co., 5 Cir., 68 F.2d 543; Payne v. Washington County, 25 Fla. 798, 6 So. 881.

In Keggin v. Hillsborough County, 71 Fla. 356, 71 So. 372, an action at law dealing with a county's liability *ex delicto* for damage caused by a defective bridge, the Supreme Court of Florida held that a county is a political subdivision of the state, created for administrative purposes; is representative of the sovereignty of the state, and auxiliary to it; that its functions are of a public nature; that it is political in character, and is an agency through which many of the powers of the state are exercised. The court further held that the building of roads and bridges, and the maintenance of the same, are none the less functions of the state because the state delegates the performance of those duties to officers of subordinate political subdivisions who, in discharging such duties, act as agents for the public at large. The court concluded that a Florida county partakes of the immunity of the state, and may not be sued at law in an action *ex delicto* by one who has sustained damage because the county permitted a bridge to become unsafe. The view taken by the Supreme Court of Florida in the Keggin case, from which there has been no departure, affords a county not merely exemption from liability, but immunity from process, in actions *ex delicto*. See also Owen v. Baggett, 77 Fla. 582, 81 So. 888, and Arundel Corp. v. Griffin, 89 Fla. 128, 103 So. 422; Aaron v. Palm Beach County, 159 Fla. 517, 32 So.2d 165; Bragg v. Board of Public Instruction, 160 Fla. 590, 36 So.2d 222; 1 American Jur. "Admiralty," page 561 (26).

In Ex parte State of New York, 256 U.S. 490, 41 S.Ct. 588, 590, 65 L.Ed. 1057, the United States Supreme Court held that the universal rule of state immunity from suit without its consent extends not only to actions at law and suits in equity, but to cases of maritime and admiralty jurisdiction as well. It was there explained that this result does not enable a state to impose its local law upon the admiralty jurisdiction, to the detriment of the characteristic uniformity of the rules of maritime law, and that it is not inconsistent in principle to accord to the states or their political subdivisions, which enjoy the prerogatives of sovereignty to the extent of being immune from suits by individuals in common law and equity tribunals, a like exemption in admiralty and maritime jurisdiction. The Supreme Court there said "the immunity of a state from suit *in personam* in the admiralty brought by a private person without its consent, is clear." A Florida county, as a political subdivision of the state itself, enjoys like immunity. Keggin v. Hillsborough County, supra.

Workman v. Mayor of the City of New York, 179 U.S. 552, 21 S.Ct. 212, 45 L.Ed. 314, is inapposite here. That case dealt with the substantive law of admiralty, not its power to exercise jurisdiction over the person of the defendant. The difference between complete sovereign immunity upon grounds of public policy and exemption from liability in a particular case was carefully pointed out. In that case it was assumed that the City of New York was subject to admiralty process, but it was contended that the City was exempt from liability because of principles of local law. The latter contention was overruled, but nothing in that decision militates against the view that a state and its political subdivisions are immune from process in actions of this character, even in admiralty, as expressly held in Ex parte State of New York, supra.

As the respondent Florida county is immune from process in an action of this character, the libel should have been dismissed.

Reversed.