Miles F. McDonald, J.
Motion for an order vacating or modifying notice of examination of the defendant Seymour Seiden as president of Rubberized Novelty & Plastic Workers Union, Local 908, AFL-CIO, as a party, by Herbert Pokodner, Yetta Wollman and Daniel Nisnavitz as officers thereof, and by Seymour Seiden, as president thereof, and to direct that such examination if the same be ordered, be held at Special Term, Part 2; and directing an examination of the plaintiffs, as adverse parties before trial, is granted to the extent hereinafter set forth, otherwise denied.
Plaintiffs by their notice of examination seek to examine the defendant Seymour Seiden, as president of Rubberized Novelty & Plastic Workers Union, Local 98, AFL-CIO, an unincorporated association, as a party, by Herbert Pokodner, Yetta Wollman and Daniel Nisnavitz, “ as officers thereof, with knowledge of the facts of the complaint herein,” and further seek to examine Seymour Seiden as president thereof. The plaintiffs in their complaint seek to recover damages in a common-law action for an alleged assault committed upon them by the defendants. The complaint sets forth 10 causes of action. The first 8 causes of action are against Herbert Pokodner, Yetta Wollman and Daniel Nisnavitz as individuals. The 9th and 10th causes of action are against Seymour Seiden in his representative capacity as president of the union.
The complaint herein is inartificially and inartistically drawn and the causes of action set forth therein, at least insofar as they apply to Seymour Seiden as president of the defendant union, are based upon a misapprehension of section 13 of the Ueneral Associations Law and of section 185 of title 29 of the United States Code. While the court is not called upon on this motion to decide the sufficiency of the complaint or the propriety of the allegations contained therein, there are many allegations which are both unnecessary, improper and are evidentiary in nature. The plaintiffs do not seek to examine the individual defendants as to any of the matters contained in the causes of action alleged against them numbered 1 to 8 in the complaint (see motion No. 1 decided simultaneously herewith). Rather they seek to examine the president of the union and the individual defendants in their capacity as officers of the union with respect to the matters affecting,causes of action Nos. 9 and 10. It is to be noted, however, that in setting forth these causes of action *957 the plaintiffs repeat and reallege all of the material allegations of the complaint contained in the first eight causes of action. The practical result thereof would be to secure an examination of the individual defendants despite plaintiff’s averment that he has no desire to examine them in that capacity. There are no special circumstances set forth in the moving papers which would justify an examination of all of the officers of the defendant association at this time. The notice of examination is therefore modified to the extent that such examination as may be directed will be of the defendant Seymour Seiden as president of the defendant union in his representative capacity only.
Upon completion of such an examination, should it appear necessary or advisable to the plaintiffs to seek a further examination they may so move at the appropriate time, or if they so desire, they may take appropriate steps to cause an examination of the individual defendants in their individual capacities.
It was apparent upon the argument of this motion that the plaintiffs were under the misapprehension that the Taft-Hartley Act created a cause of action against the defendant association as a legal entity and that a determination in such action would be binding on such entity. Such contention is untenable. A study of the section referred to clearly indicates that it is applicable only in actions for breach of contract and not in tort. (Haspel v. Bonnaz, Singer & Hand Embroiderers, 112 F. Supp. 944, affd. 216 F. 2d 192.) Furthermore, the Taft-Hartley Act is not applicable to common-law tort actions in the State courts (Schatte v. International Alliance of Theatrical Stage Employees, 182 F. 2d 158).
The plaintiff further misinterprets section 13 of the General Associations Law as conferring a right to sue an unincorporated association as a legal entity. A voluntary unincorporated association is neither a partnership nor a corporation. It has no independent existence as an artificial person separate and apart from its members and the acts of individual members, even though they be officers of a voluntary organization, do not and cannot bind the other members without their consent or unless with full knowledge of the facts they ratify and adopt same as their own acts thereafter. Prior to the enactment of article 3 of the present General Associations Law all of the members of a group such as the union herein were necessary parties defendant in any suit against an alleged association and liability could not be imposed by suit brought against their officers (Van Aernam v. Bleistein, 102 N. Y. 355, 358). Authorization to sue the members of an association by naming the president or treasurer thereof is now found in the General Associations Law. This *958 is a privilege granted for the convenience of parties plaintiff and creates no new substantive right or liability, and the liability which may be imposed in any action in which the association’s officers are named in their representative capacities, as is the case herein, is still that of the members as individuals (Martin v. Curran, 303 N. Y. 276). The examination of Seymour Seiden as president,'as set forth above, shall be limited to the following matters: (1) All of the relevant facts and circumstances in connection with the assaults alleged in the complaint to have occurred on April 16,1956, at or near West 17th Street, between Fifth and Sixth Avenues, New York City; (2) Whether the acts complained of were authorized, or ratified or conspired in, or participated in by any of the members of Local 98; (3) Whether the defendants Herbert Pokodner, Yetta Wollman and Daniel Nisnavitz were officers of Local 98 on or before the date of the alleged assaults, and if they were such officers, the scope of their authority and duties as such.
The court will at this time deny the plaintiffs ’ request for the production of books and records of the association, the demand therefor being too general and indefinite. If it should appear at the examination that such books and records are necessary, application may be made to the justice then presiding at Special Term, Part 2, for appropriate directions in connection therewith. The examination to be conducted hereunder shall be held at Special Term, Part 2 of this court.
The defendant Seiden’s motion for an examination of the plaintiffs with respect to all the relevant facts and circumstances in connection with the alleged assaults as set forth in the 9th and 10th causes of action is granted, said examination to take place immediately following the completion of the examination of the defendant Seymour Seiden, as president of Rubberized Novelty & Plastic Workers Union, Local 98, AFL-CIO, to be directed by the order to be entered herein. Settle order fixing date and time for such examination.