Grace Lohrum, Plaintiff-Appellant, v. Grand Lodge of Brotherhood of Railroad Trainmen, Defendant-Appellee.

**Term No. 57–O–9.**

Fourth District.

February 7, 1958.

Released for publication February 28, 1958.

Louis Beasley, of East St. Louis, for plaintiff-appellant.

Dan McGlynn, of East St. Louis (Edward J. Murphy, of counsel) for defendant-appellee.

PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This action originated as an action by plaintiff, Grace Lohrum, on an insurance policy issued by defendant, Grand Lodge of the Brotherhood of Railroad Trainmen, to her husband, George Lohrum. Plaintiff was named as beneficiary. The husband died on June 19, 1954. The action was filed in the Circuit Court of St. Clair county to recover on the insurance policy, on July 30, 1954. After service of summons the defendant filed a limited appearance and moved to dismiss. The court on motion of said defendant found that the defendant was exempt from the provisions of the Illinois Insurance Code and entered judgment quashing the service. A motion was filed to vacate and set aside such order, and thereafter the court entered a further order dismissing plaintiff's suit "inasmuch as defendant is an unincorporated association and is, therefore, not subject to an action at law; and further, that Section 920, Chapter 73, 1953 Illinois Revised Statutes, exempts defendant from the provisions of the Insurance Code."

On appeal in this court it is the theory of plaintiff that the court erred in entering the order dismissing the suit and denying the plaintiff's motion to vacate, since defendant was engaged in the insurance business and had an agent in the state of Illinois in the person of a member and treasurer of a local lodge of the Grand Lodge of the Brotherhood of Railroad Trainmen, who collected and received dues, premiums, and assessments for insurance from about four hundred members.

187

██ An unincorporated association cannot be made a defendant in an action at common law in this state (Cahill v. Plumbers', Gas & Steam Fitters' & Helpers' Local 93, 238 Ill. App. 123). At common law a voluntary unincorporated association could not be sued by its association name. No statute has been enacted which purports to repeal or modify the common law rule on this subject in this state.

██ As stated in Montgomery Ward & Co., Inc. v. Franklin Union Local No. 4, 323 Ill. App. 590, 592, "The unions are not suable in their association names." There is nothing in the Illinois Insurance Code which abrogates that rule, and the conclusion that the Insurance Code of Illinois does not apply to such organizations is underlined in the case of White v. Locomotive Engineers Mut. Life & Accident Ins. Ass'n, 313 Ill. App. 116, in which case the court held that funds, being proceeds of a certificate, were not exempt from garnishment despite Section 313 of the Insurance Code which specifically provides that funds of any society authorized to do business under the Illinois Insurance Code under such circumstances are in fact exempt from garnishment.

Both parties admit that defendant, as an unincorporated association, can be either a party plaintiff or a party defendant in equity. Defendant concedes that there is no reason why plaintiff cannot maintain this action in equity, alleging that plaintiff has no adequate remedy at law, and ask for specific performance of the contract of insurance between the plaintiff and defendant. Defendant stipulates and specifies in the brief filed in this court, that it would not be necessary to file a new action and that defendant would not object to plaintiff's request for an order by the court pursuant to Chapter 44, Section 110, 1955 Illinois Revised Statutes, that the case be transferred from the law docket to the equity docket. This is obviously what

188

should be done in this case, and this court therefore suggests that plaintiff in this cause request a transfer from the law docket to the equity docket as indicated, that this cause proceed as an action in equity.

This cause will, therefore, be remanded for further proceedings in accordance with the views herein expressed.

Remanded.

BARDENS and SCHEINEMAN, JJ., concur.