APRIL RIVARD *et al.*, Plaintiffs-Appellants and Cross-Appellees, v. CHICAGO FIREFIGHTERS UNION, LOCAL No. 2 *et al.*, Defendants-Appellees.—BONNELL CARTER, Adm'r of the Estates of Martha Carter, Caenezell Carter, Harvey Carter and Henry Carter, Deceased, *et al.*, Plaintiffs-Appellants and Cross-Appellees, v. CHICAGO FIREFIGHTERS UNION, LOCAL No. 2 *et al.*, Defendants-Appellees (International Association of Firefighters, AFL-CIO, Defendant-Appellee and Cross-Appellant).

First District (3rd Division)   Nos. 82—3094, 82—3130, 84—1283 cons.

Opinion filed June 4, 1986.

Gerald M. Sachs & Associates, Ltd., of Chicago (Roger H. Williams and Tom Forgue, of counsel), for appellants April Rivard and Robert Oliver.

Gordon & Gordon, Ltd., of Chicago (Robert Langendorf, of counsel), for other appellants.

Asher, Pavalon, Gittler, Greenfield & Segall, Ltd., of Chicago, and Mulholland & Hickey, of Washington, D.C. (Michael S. Wolly and Joel A. D'Alba, of counsel), for appellee International Association of Firefighters.

Cornfield & Feldman, of Chicago (J. Dale Berry and Gilbert Feldman, of counsel), for other appellees.

JUSTICE McGILLICUDDY delivered the opinion of the court:

Plaintiffs, April Rivard, Robert Oliver, administrator of the estate of Latrice Louis Rivard, deceased, and Bonnell Carter, administrator of the estates of Martha Carter, Caenezell Carter, Harvey Carter and Henry Carter, deceased, and Harvey Teague and Martha Teague, as administrators of the estate of Harvey Teague, II, deceased, appeal from two orders of the circuit court of Cook County granting the motions to dismiss filed by the defendants, Chicago Firefighters Union, Local No. 2 (Local No. 2), International Association of Firefighters, AFL-CIO (International) and certain of their officers in a representative capacity. The plaintiffs filed two separate complaints seeking compensatory and punitive damages for deaths and injuries suffered in fires which occurred during a 1980 strike called by Local No. 2 against the city of Chicago. The actions were consolidated for defend-

ants' motions to dismiss.

The trial court granted Local No. 2's motion to dismiss on the ground that at common law, a voluntary unincorporated association cannot be sued in its own name or in a representative capacity in an action at law. (*American Federation of Technical Engineers v. La Jeunesse* (1976), 63 Ill. 2d 263, 347 N.E.2d 712.) Defendant and cross-appellant International filed a special and limited appearance, and a motion to quash service of summons and to strike complaint. The motion to quash service of summons was denied. The trial court then construed International's motion to strike the complaint as a motion to dismiss, which was granted. The court also found that International's special and limited appearance was thereby converted to a general appearance. The plaintiffs appeal the granting of defendants' motions to dismiss. International cross-appeals the conversion of its special and limited appearance to a general appearance.

While this appeal was pending, and in response to suggestions from the supreme court, the Illinois General Assembly amended the Code of Civil Procedure to allow voluntary unincorporated associations to sue and be sued in their own names. (Ill. Rev. Stat. 1985, ch. 110, par. 2—209.1.) The issue presented for review in the instant appeal is whether section 2—209.1 can be applied retroactively to affect the actions in the underlying case.

Defendants first urge us to follow *Brucato v. Edgar* (1984), 128 Ill. App. 3d 260, 470 N.E.2d 615, wherein this court held that section 2—209.1 was to be applied prospectively. The *Brucato* court based its decision on two points. First, the court found that the legislature, by allowing voluntary unincorporated associations to sue and be sued in their own names, had created new rights and obligations which did not exist previously. The court therefore held that section 2—209.1 was a substantive rather than a procedural change and could not be applied retroactively.

■■ ■ We disagree. It is true that in Illinois, the suability of voluntary unincorporated associations has traditionally been considered a substantive rather than a procedural issue. (*Montgomery Ward & Co. v. Franklin Union, Local No. 4* (1944), 323 Ill. App. 590, 56 N.E.2d 476.) A review of other jurisdictions, however, indicates that the statutory changes which permit unincorporated associations to sue or be sued in their own names rather than in the names of all their members are viewed as a matter of procedural convenience. (See, *e.g., Orser v. Vierra* (1967), 252 Cal. App. 2d 660, 60 Cal. Rptr. 708; *Coleman v. Pokodner* (1957), 6 Misc. 2d 955, 163 N.Y.S.2d 161; *Hromek v. Gemeinde* (1941), 238 Wis. 204, 298 N.W. 587.) As the Supreme

Court stated in *United Mine Workers v. Coronado Coal Co.* (1922), 259 U.S. 344, 66 L. Ed. 975, 42 S. Ct. 570:

> "[T]he suability of trades-unions *** is, after all, in essence and principle, merely a procedural matter. As a matter of substantive law, all the members of the union *** are liable to suit and recovery, and the only question is whether when they have voluntarily *** created a self-acting body with great funds to accomplish their purpose, they may not be sued as this body, and the funds they have accumulated may not be made to satisfy claims for injuries unlawfully caused in carrying out their united purpose." (259 U.S. 344, 390-91, 66 L. Ed. 975, 987, 42 S. Ct. 570, 576.

For this reason, we also strongly disagree with defendants' argument that section 2—209.1 creates new liabilities because the common law acted as a practical bar to suits against unions for 60 years. What is impractical or difficult is not necessarily legally impossible. We object to the characterization as substantive the procedural shield behind which unions have been protected from suit for so many years.

■ The second basis for the *Brucato* decision was the legislative history of section 2—209.1. The determination whether a statutory amendment is to be applied retroactively or prospectively is primarily a question of legislative intent. (*State Farm Mutual Automobile Insurance Co. v. Palmer* (1984), 123 Ill. App. 3d 674, 463 N.E.2d 129.) The *Brucato* court correctly noted that nothing in the statutory language or in the Historical and Practice Notes following it suggested that section 2—209.1 was to be applied retroactively. Our review of the relevant legislative history, however, indicates that Governor Thompson returned the bill in question with an amendatory veto, recommending that the provisions of the act be prospective and that its prospective nature be clearly stated in the statute. The legislature then addressed the governor's amendatory veto and the issue of retroactive application which is before this court.

Senator Bloom, the bill's sponsor, expressed his opinion that the act was clearly procedural in nature and noted that the overwhelming majority of other States have interpreted similar laws retrospectively. He then voiced his concern that should the act be applied prospectively, several pending cases would have to be dismissed and large classes of plaintiffs would be excluded from suit. The bill was then passed by the Senate, overriding the specific recommendations of the governor by a vote of 54-1-1. 83d Ill. Gen. Assem., Senate Proceedings, October 20, 1983, at 35-38.

Similarly, in the House of Representatives, Rep. McCracken

moved to override the governor's amendatory veto because it contravened the historical practice of retroactively applying procedural changes in the law. The representative noted that the bill created no new rights under the law but merely facilitated bringing and defending suits. The bill then passed in the House of Representatives overriding the specific recommendations of the governor by a vote of 100-10-1. 83d Ill. Gen. Assem., House Proceedings, November 1, 1983, at 26-29.

■ We are aware that even where there exists clearly expressed legislative intent that a statute be given retroactive effect, it will not be so applied when to do so would lead to unreasonable or unjust results. In *Champaign County Nursing Home v. Petry Roofing, Inc.* (1983), 117 Ill. App. 3d 76, 452 N.E.2d 847, the court stated:

> "Whether retroactive application of legislation is permissible is not dependent on such outmoded distinctions as whether vested or nonvested rights are affected, or whether a statute affects rights or merely affects remedies. Rather, such cases must be decided on the basis of whether basic concepts of justice, fairness and equity militate for or against the retroactive application of the statute to a particular class of persons. *** In applying fundamental concepts of justice, fairness and equity to the issue of whether a particular statute of limitations should be retroactively applied to a given class of individuals, the most important inquiry is whether retroactive application gives effect to, or defeats, the bona fide expectations of the members of the class. The competing interests of the affected persons must be carefully weighed in order to arrive at a just result. [Citations.]" (117 Ill. App. 3d 76, 79, 452 N.E.2d 847, 847-48.)

In the instant case we find no injustice in applying section 2—209.1 retroactively. As noted above, voluntary unincorporated associations have been artificially shielded from actions at law because the procedure of naming every member as a defendant was too unwieldy to be practical. We agree with the legislature that the procedural streamlining permitted by section 2—209.1 creates no new rights or liabilities. Moreover, as was pointed out in the legislative debates, prospective application of section 2—209.1 would require dismissal of pending cases including the instant case, a result the legislature wanted to avoid. We therefore hold that section 2—209.1 is properly applied retroactively to the litigation before us.

■ Defendant International also objects to the retroactive application of section 2—209.1 on constitutional grounds. International maintains that the legislation at issue, if applied retroactively, changes

the effect of an order of the trial court and thus violates the doctrine of separation of powers found in both the Illinois and Federal constitutions. In *Sanelli v. Glenview State Bank* (1985), 108 Ill. 2d 1, 483 N.E.2d 226, our supreme court discussed the separation of powers issue. The court held that the General Assembly may enact retroactive legislation which changes the effect of a prior decision of a reviewing court with respect to cases which have not been finally decided. International argues that the relevant constitutional provisions do not distinguish among the various levels of the judiciary, and the legislature cannot, therefore, "overrule" even a decision of the circuit court, particularly where, as here, the circuit court decision is based on a principle of common law enunciated by our supreme court. This argument is without merit. It is well settled that every final judgment of a circuit court in a civil case is appealable as of right in Illinois. (87 Ill. 2d R. 301.) where, as in this case, an appeal is taken, the trial court's order is subject to a decision by the reviewing court and there is no separation-of-powers problem under the law as enunciated in *Sanelli.* Indeed, the separation-of-powers problem in this case will arise only if this court ignores the clearly expressed legislative intent to the contrary and holds that section 2—209.1 is to be applied only prospectively.

■ Finally, International has appealed the conversion of its special and limited appearance to a general appearance. International contended that as a voluntary unincorporated association it was not subject to service in its common name in an action at law for money damages. We agree with the trial court that the record indicates that defendant's participation in the proceedings was more in the nature of a motion to dismiss than is permitted in a section 2—301 motion (Ill. Rev. Stat. 1981, ch. 110, par. 2—301). We find, however, that the retroactive application of section 2—209.1 renders the cross-appeal moot, and it is therefore dismissed.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and remanded for further proceedings consistent with this opinion and the cross-appeal is dismissed.

Judgment reversed and remanded; cross-appeal dismissed.

McNAMARA and WHITE, JJ., concur.