(No. 44568.—

EUGENE P. MEEGAN *et al.*, Appellants, v. THE VILLAGE OF TINLEY PARK *et al.*, Appellees.

*Opinion filed October 2, 1972.*

EUGENE P. MEEGAN, of Chicago and PAUL PETER BLACK, of Skokie, for appellants.

KEVIN M. FORDE, of Chicago and EDWIN J. RICHARDSON, of Blue Island, for appellees.

MR. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County, dismissing a *mandamus* action which the plaintiffs had brought against the defendants for the issuance of a building permit to erect a gasoline station on certain property pursuant to an annexation agreement.

On September 8, 1959, a developer, Katschke, entered into an agreement with the Village of Tinley Park for the annexation, in a series of four steps or units, of 80 acres which he was purchasing from another party. The agreement provided, among other things, that the developer was to complete the improvements within each unit within three years of approval of the subdivision plan for each unit by the Village Board of Trustees. Under the accepted plat of the entire four-unit subdivision, which was made a part of the annexation agreement by reference, the property involved in this litigation was "earmarked" for a service station. The annexation agreement did not provide for a termination date.

On May 16, 1960, the Village enacted an ordinance conforming with the terms of the agreement as to the zoning of the developer's land. The zoning also conformed with the land use plan previously accepted by the Village which specifically zoned the property in question B—1, which classification allowed gasoline stations. By 1962, the development of the first unit of the subdivision was completed and the third unit was 50 percent completed. The second and fourth units, because of various problems the developer encountered, were not developed at all.

About this time, the plaintiffs state they acquired the rights and interests of the original developer. Although the

assignment by the developer to plaintiffs of the agreement for warranty deed and the deed executed by the original landowner to plaintiffs were both dated in March of 1962, these documents were not actually executed and delivered until sometime later. The deed itself was not executed until 1970.

On November 20, 1962, the Village of Tinley Park amended the zoning classifications and in so doing, removed gasoline stations as a permitted use under classification B—1 of the zoning ordinance. This, in itself, did not affect the specific zoning of the instant property, inasmuch as the annexation agreement provided that the agreement itself would control over any amendments to the then existing subdivision and zoning ordinances.

Between 1962 and 1969 apparently nothing was done with any of the property. In 1969, the State of Illinois commenced condemnation proceedings against a certain portion of the subdivision for the improvement of Harlem Avenue. At the conclusion of the condemnation proceedings, the plaintiffs filed an application for a building permit to construct a gasoline station on the instant property. They were advised that the zoning of the property would not permit a gasoline station to be erected thereon. They then filed an application for change of zoning classificiation to permit construction of a gasoline station pursuant to the rights acquired under the annexation agreement. The change in zoning was denied. This action was commenced on February 9, 1971, in the circuit court of Cook County to enforce the provisions of the annexation agreement. The circuit court held that the action was barred by the five-year limitation contained in section 11—15.1—5 of the Illinois Municipal Code (Ill. Rev.Stat. 1969, ch. 24, par. 11—15.1—5). The annexation agreement having been executed September 8, 1959, under the statute, was not enforceable after September 8, 1964.

Prior to 1963 there was no statutory authorization for annexation agreements. However, in that year the legisla-

ture specifically authorized such agreements (Ill.Rev.Stat. 1963, ch. 24, par. 11—15.1—1 *et seq.*) and in section 11—15.1—5 provided:

"Any annexation agreement executed prior to the effective date of this Amendatory Act of 1963 which was executed pursuant to a two-thirds vote of the corporate authorities and which contains provisions not inconsistent with Section 11—15.1—2 hereof is hereby declared valid and enforceable as to such provisions for the effective period of such agreement, or for 5 years from the date of execution thereof, whichever is shorter."

The plaintiffs contend that section 11—15.1—5 impairs the obligations of the valid and existing contract entered into between the Village of Tinley Park and the developer of the real estate and therefore is void as applied to this agreement as a violation of section 10 of article I of the Federal constitution.

The adoption of zoning regulations constitutes an exercise of the police power of the State. (*First National Bank of Lake Forest v. County of Lake, 7 Ill.2d 213; People ex rel. Schimpff v. Norvell, 368 Ill. 325; Ehrlich v. Village of Wilmette, 361 Ill. 213;* 101 C.J.S., Zoning, sec. 7; 58 Am. Jur., Zoning, sec. 18.) The 1963 amendment to the Illinois Municipal Code which added section 11—15.1—1 *et seq.* relating to annexation agreements provides in section 11—15.1—2 that zoning is a permissible subject of such agreements. To the extent that section 11—15.1—5 limits the enforcement of such agreements relating to zoning, as in this case, the legislature is thereby exercising its police power.

We need not here attempt to distinguish between obligations of contract and remedies for breach thereof nor determine into which category the limitations on the enforcement of the agreement fall (see *United States ex rel. Von Hoffman v. City of Quincy, 71 U.S. (4 Wall.) 535, 18 L.Ed. 403*), because we are here concerned with the exercise of the police power by the State. The contract clause of the Federal constitution does not prohibit the

enactment of all laws that may affect or interfere with the free exercise of rights granted by contracts. Such rights are subject to the reasonable and legitimate exercise of the police power by the State. (*City of El Paso v. Simmons, 379 U.S. 497, 13 L.Ed.2d 446, 85 S.Ct. 577; Home Building & Loan Ass'n v. Blaisdell; City of Chicago v. Chicago and North Western Ry. Co., 4 Ill.2d 307; Community Renewal Foundation, Inc. v. Chicago Title and Trust Co., 44 Ill.2d 284.*) Neither the contract clause nor the due process clause of the Federal constitution has the effect of overriding the power of the State to establish all regulations that are reasonably necessary to secure the health, safety, comfort and general welfare of the community. (*Atlantic Coast Line R.R.Co. v. City of Goldsboro, 232 U.S. 548, 58 L.Ed. 721, 34 S.Ct. 364.*) We conclude, therefore, that the limitation provision of section 11—15.1—5 as applied to this case is not invalid as a violation of the contract clause of the Federal constitution.

Plaintiffs further contend that the 1962 amendment of classifications in the zoning ordinance to eliminate gasoline stations from the B-1 zoning classification artfully circumvented the terms of the annexation agreement by allowing the instant property to retain its B-1 classification but eliminating gasoline stations as a permitted use under such classification. Since this was all done without notice to the other contracting party, and without his consent or agreement, it is contended that this violates the principles of common honesty and fair dealings. They contend that the Village should be estopped from reaping the benefits of the agreement but refusing to abide by its legal obligations.

However, it is clear that this amendment to the ordinance did not affect pre-existing uses, and the annexation agreement itself specifically provides that no subsequent change in the ordinances would affect any rights under the agreement. The ordinance amending the zoning classification was a nullity insofar as the annexation

agreement was concerned. As long as the annexation agreement was in effect, the parties with a right to enforce the agreement could have done so and their rights would not have been curtailed or impaired by the amendment to the zoning ordinance. We are not therefore concerned with the doctrine of estoppel for which plaintiffs contend, because any rights created by the annexation agreement were not affected by a subsequent change in the zoning ordinance.

Under the provisions of section 11—15.1—4, any party to the agreement could have enforced and compelled performance of the agreement within the statutory five-year period. The amendment to the zoning classification was made in July of 1962; the effective date of the amendment to the Illinois Municipal Code was July 31, 1963; and the termination of the annexation agreement occurred in September, 1964, pursuant to the terms of section 11—15.1—5. A party in interest had well over one year within which to bring an action to enforce compliance with the annexation agreement after the enactment of the limitation statute (sec. 1—15.1—5). So long as a reasonable time exists for the presentation of a claim after enactment of a statute shortening the time in which suit may be brought, the legislature may validly shorten the time as to pre-existing causes of action. (*Trustees of Schools v. Batdorf, 6 Ill.2d 486.*) In *City of El Paso v. Simmons, 379 U.S. 497, 13 L.Ed.2d 446, 85 S.Ct. 577,* the court upheld a statute placing a five-year limitation upon the enforcement of a State's obligation where, as here, no limitation had previously existed.

We are of the opinion that the plaintiffs or their predecessors had a reasonable time following the enactment of section 11—15.1—5 within which to enforce any rights which they may have possessed by virtue of the annexation agreement.

The order of the circuit court of Cook County is affirmed.

*Order affirmed.*