WALTER NERGENAH *et al.*, Plaintiffs-Appellants, *v.* NORFOLK AND WESTERN RAILWAY COMPANY, Defendant-Appellee.—(G. WILLIAM HORSLEY, Defendant.)

First District (1st Division)   No. 79-183

Opinion filed February 19, 1980.

Joseph T. McGuire and Stephen C. Schulte, both of Perz and McGuire, of Chicago, for appellants.

James W. Kissel, Stephen C. Carlson, and Joanne M. Frasca, all of Sidley and Austin, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Addie Nergenah's action for loss of consortium was dismissed by reason of the statute of limitations. The issue on appeal is whether a statute of limitations which became effective before an action was filed but after such cause of action arose may be applied so as to bar the action.

We reverse and remand.

On July 9, 1974, Walter Nergenah sustained injuries when a bulkhead door on a boxcar owned and operated by the Norfolk and Western Railway Company (Norfolk and Western) fell upon him. On April 29, 1975, Nergenah retained G. William Horsley to file a personal injury action against Norfolk and Western. However, Horsley failed to file the action prior to the expiration of the statute of limitations.

On May 24, 1978, Walter Nergenah and his wife Addie Nergenah filed a two-count complaint. Count I alleged a cause of action by Walter Nergenah against Horsely for legal malpractice. Addie Nergenah alleged a cause of action for loss of consortium against Norfolk and Western in count II.

In 1975, the time at which Addie Nergenah's cause of action for loss of consortium accrued, the applicable statute of limitations was five years. (Ill. Rev. Stat. 1975, ch. 83, par. 16.) However, on October 1, 1977, a new statute shortening this period from five to two years became effective. (Ill. Rev. Stat. 1977, ch. 83, par. 15.1.) The trial court applied the two year

limitation period to the action for loss of consortium and granted Norfolk and Western's motion to dismiss for failure to commence an action within the time limited by law. Plaintiffs' motion to vacate this order was denied.

On appeal, plaintiffs contend that the trial court erred by applying section 14.1 (par. 15.1) of the Limitations Act to the loss of consortium action because the legislature did not expressly provide for the retroactive application of the statute. They further argue that even if the statute could be applied to causes of action accruing prior to its effective date, this action was not barred because it was filed within a reasonable time after the statute's effective date.

■■■ Plaintiffs rely on *Hathaway v. Merchants Loan & Trust Co.* (1905), 218 Ill. 580, 75 N.E. 1060, for the proposition that a limitation statute which shortens the period within which an action must be brought may not be applied retroactively unless there is a clear legislative intent that it should operate retroactively. However, as evidenced by several recent supreme court cases, this principle has changed. Now, the general rule is that the legislature may shorten a statute of limitation so long as a reasonable time exists for presentation of pre-existing claims after the effective date of the new statute. (*Hupp v. Gray* (1978), 73 Ill. 2d 78, 382 N.E.2d 1211; *Arnold Engineering, Inc. v. Industrial Com.* (1978), 72 Ill. 2d 161, 380 N.E.2d 782; *Meegan v. Village of Tinley Park* (1972), 52 Ill. 2d 354, 288 N.E.2d 423; *Trustees of Schools v. Batdorf* (1955), 6 Ill. 2d 486, 130 N.E.2d 111.) Therefore, the only issue before this court is whether the action for loss of consortium was filed within a reasonable time after the effective date of the new limitation period.

In *Anderson v. Wagner* (1978), 61 Ill. App. 3d 822, 378 N.E.2d 805, an eight-month period for filing suit after an amendment's effective date was held to be reasonable. *Anderson* was based on *Carlin v. Peerless Gas Light Co.* (1918), 283 Ill. 142, 119 N.E. 66, wherein a nine-month period was found to be reasonable. Here, the action for loss of consortium was filed approximately 7½ months after the effective date of the amendment of the statute of limitations. On the basis of *Anderson* and *Carlin*, we find that Addie Nergenah's action was filed within a reasonable time.

For the foregoing reasons, we reverse the order of the circuit court of Cook County as to count II of the complaint and remand the cause for further proceedings consistent with this opinion.

Order reversed; cause remanded.

GOLDBERG, P. J., and CAMPBELL, J., concur.