GARY THURSTON, Plaintiff-Appellant, *v.* THE CITY OF EAST ALTON *et al.*,
Defendants.—(CROUSE-HINDS CO., Defendant-Appellee.)

Fifth District    No. 79-451

Opinion filed June 10, 1980.

Paul L. Pratt, P. C., of East Alton (John Gitchoff, of counsel), for appellant.

John L. McMullin and Michael J. Pitzer, both of Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, of St. Louis, Missouri, for appellee.

Mme JUSTICE SPOMER delivered the opinion of the court:

This appeal arises out of an automobile accident which occurred on January 21, 1977. Plaintiff-appellant Gary Thurston's original complaint against the City of East Alton (which is not a party to this appeal) was filed on January 20, 1978, alleging, among other things, that the city negligently failed to repair a certain traffic light, proximately resulting in the plaintiff's injuries. The city filed its answer, and discovery proceeded in which the plaintiff sought information concerning the traffic signal. Compliance with discovery by the city was not completed until August 1978.

On January 16, 1979, by leave of court, the plaintiff filed an amended complaint adding parties defendant including defendant-appellant Crouse-Hinds Co. The count of the amended complaint directed at Crouse-Hinds stated a cause of action in strict liability in tort for the manufacture of an allegedly defective and improperly designed traffic signal.

After answering the amended complaint, Crouse-Hinds submitted interrogatories to the other parties, including the City of East Alton, on February 28, 1979. The city's answers to those interrogatories were filed on March 23, 1979.

On June 6, 1979, Crouse-Hinds moved for leave to assert the affirmative defense of the statue of limitations, setting out that it had not known that defense to be available until it had received the city's answers to its interrogatories. On the same day, Crouse-Hinds filed a motion for summary judgment, alleging that the pleadings and the answers to interrogatories of record revealed that the action was barred by section 21.2(b) of the Limitations Act (added by P.A. 80-1367, §2, effective January 1, 1979; now Ill. Rev. Stat. 1979, ch. 83, par. 22.2(b)). The statute relied on provides in pertinent part as follows:

"* * * No product liability action based on the doctrine of strict liability in tort shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period."

The answers to Crouse-Hinds' interrogatories revealed that the traffic signal had been installed in 1964.

Relying on the statute and on the case of *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 122 N.E.2d 513, and *Pratt v. Hayes* (1959), 20 Ill. App. 2d 457, 156 N.E.2d 290, the court below granted the motion for summary judgment and dismissed the count of the amended complaint directed at Crouse-Hinds. The court's order made an express written finding that there was no just reason for delaying appeal. Ill. Rev. Stat. 1977, ch. 110A, par. 304(a).

On appeal, the plaintiff argues that statutes are presumed to operate prospectively only, and will be applied retroactively only if the express statutory language and the legislative intent lend themselves to no other reasonable interpretation. (*In re Estate of Krotzch* (1975), 60 Ill. 2d 342, 326 N.E.2d 758; *Golden v. Holaday* (1978), 59 Ill. App. 3d 866, 376 N.E.2d 92; *Young v. Board of Trustees* (1978), 57 Ill. App. 3d 689, 373 N.E.2d 708.) The plaintiff contends that the instant case is distinguishable from *Orlicki*, because in that case the supreme court was dealing with a statutorily created action, not a judicially created doctrine such as strict liability in tort, and that the court in *Orlicki* had found in the language of the statute a legislative intent that it be applied retroactively.

The plaintiff argues further that an amendment shortening the time for filing suit will not be retroactively applied so as to terminate a cause of action unless the party whose claim would be barred has a reasonable amount of time after the amendment's effective date in which to file his action. *Anderson v. Wagner* (1978), 61 Ill. App. 3d 822, 378 N.E.2d 805; *Meegan v. Village of Tinley Park* (1972), 52 Ill. 2d 354, 288 N.E.2d 423; *Trustees of School District v. Batdorf* (1955), 6 Ill. 2d 486, 130 N.E.2d 111; see also *Hupp v. Gray* (1978), 73 Ill. 2d 78, 382 N.E.2d 1211, 1213, where the court cited *Orlicki* as supporting this proposition.

The defendant responds that the statute at issue reveals a clear legislative intent that it be applied retroactively to all existing causes of action, and that the plaintiff did have a reasonable time within which to bring his action. The defendant asserts that the statute had been published and made known to the bench and bar for at least six months prior to its effective date, but that the plaintiff waited until 15 days after the effective date to file his amended complaint. Because no cases have defined what amounts to a reasonable time under such circumstances, and no facts were presented to the trial court to indicate that 15 days is an unreasonable amount of time, so the defendant's argument goes, the decision of the trial court should not be disturbed.

■■ In the view that we take of this case, we need not attempt to discern whether or not the General Assembly intended that the statute in question be given retroactive effect as to causes of action which had already accrued.[1] Nor do we agree with the defendant that the printing and distribution of the statute prior to its effective date has any relevance here. The law requires that a plaintiff be allowed a reasonable time for the presentation of his claim after the effective date of such a statute. (*Meegan v. Village of Tinley Park*; *Hupp v. Gray*; *Trustees of School District v. Batdorf*; *Arnold Engineering, Inc., v. Industrial Com.* (1978), 72 Ill. 2d 161, 380 N.E.2d 782; *Carlin v. Peerless Gas Light Co.* (1918), 283 Ill. 142, 119 N.E. 66; *Anderson v. Wagner.*) In *Meegan*, the affected parties had well over one year to bring an action after the enactment of the new limitations statute; in fact, they waited almost seven years to do so, and their action was held to be barred. In *Carlin* and *Anderson*, periods of nine and eight months, respectively, were held to be reasonable times. In *Orlicki* itself, relied on by the trial court and the defendant here, the plaintiff had almost two years in which he could have acted.

---

[1] We note that, subsequent to the lower court's decision in this case and the filing of briefs in this court, section 21.2 of the Limitations Act has been further amended to provide as follows: "The provisions of this Section 21.2 apply to any cause of action accruing on or after January 1, 1979, involving any product which was in or entered the stream of commerce prior to, on, or after January 1, 1979." (Ill. Rev. Stat. 1979, ch. 83, par. 22.2(g), as amended by P.A. 81-1054, par. 1, effective January 1, 1980.) Thus, it is unlikely that the question raised in this appeal will arise again.

In the instant case, the effective date of the statute was January 1, 1979. The amended complaint was filed 15 days later, on January 16, 1979. We hold as a matter of law that, by granting the defendant's motion for summary judgment based on the bar of the statute of limitations, the trial court denied the plaintiff a reasonable amount of time in which to file his amended complaint after the effective date of the statute.

We therefore reverse the order appealed from and remand this cause to the Circuit Court of Madison County for further proceedings.

Reversed and remanded.

KASSERMAN and HARRISON, JJ., concur.