THEOYSA CHARLES, Plaintiff-Appellant, *v.* MEYER MEDICAL GROUP, S.C., *et al.*, Defendants-Appellees.

First District (4th Division)    No. 80-97

Opinion filed May 14, 1981.

Tatel, Levy & Howlett, of Chicago, for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, of Chicago (James T. Ferrini, Patrick J. Navin, and Elizabeth Pendzich, of counsel), for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Theoysa Charles, initiated suit in the circuit court of Cook County against defendants, Meyer Medical Group, S.C., and its professionals. Plaintiff claims to have suffered damages for loss of consortium resulting from the negligent acts and omissions of defendants in the medical treatment of her now deceased husband.

Defendants filed a motion to dismiss plaintiff's complaint pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 45). In support of their motion, defendants alleged that plaintiff's complaint was filed approximately 4 years and 5 months after the alleged negligence; thus, it was barred by sections 14.1 and 21.1 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, pars. 15.1, 22.1). On November 1, 1979, a hearing was held and the trial court entered an order dismissing plaintiff's cause of action with prejudice. This appeal followed. We affirm.

The sole issue plaintiff presents on review is whether a loss of consortium statute of limitations (Ill. Rev. Stat. 1979, ch. 83, par. 15.1), reducing the limitations period, may be applied retroactively so as to bar plaintiff's action.

On December 31, 1974, plaintiff's husband, Nelson Livingston, was a patient in the clinic operated by defendant Meyer Medical Group. Plaintiff charged that one or more of the agents of the Meyer Medical Group was responsible for treatment during preoperative preparation and surgical removal of a toenail from Livingston's right foot. Plaintiff alleged that as a result of infection, it was ultimately necessary to surgically amputate her husband's right leg. Furthermore, plaintiff alleged that as a result of the amputation, her husband sustained injury proximately causing his death on May 7, 1976. Therefore, plaintiff claims she was injured by way of her loss of consortium.

On May 3, 1979, plaintiff filed suit against Meyer Medical Group and its professionals. Defendants moved to dismiss on the ground that the action was time-barred (Ill. Rev. Stat. 1979, ch. 83, pars. 15.1, 22.1). Plaintiff's response to defendants' motion urged that the new amendment to the statute (Ill. Rev. Stat. 1979, ch. 83, par. 15.1), which became effective October 1, 1977, applies prospectively. The trial court granted defendants' motion to dismiss and found a reasonable period of time existed, after the shortening of the applicable statute of limitations, within which plaintiff did not bring her suit, pursuant to *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 122 N.E.2d 513, *Hupp v. Gray* (1978), 73 Ill. 2d 78, 382 N.E.2d 1211, and *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560. These decisions noted that retroactive application is proper as long as a time period is available for filing existing causes of action.

Plaintiff contends the trial court erred by applying the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 15.1) retroactively and in finding that a reasonable period of time did exist within which she did not bring her suit. Plaintiff further argues that this amendment (effective October 1, 1977) should not be applied retroactively so as to terminate her cause of action, since her suit was filed within the 5-year limitations period that was in effect prior to the amendment.

■■ Plaintiff alleges that a limitations statute which shortens the time within which an action must be brought may not be retroactively applied unless there is clear legislative intent to do so. The legislature may shorten a statute of limitations and apply it retroactively as long as a reasonable time is available after the enactment of the statute within which pre-existing claims may be brought. *Nergenah v. Norfolk & Western Ry. Co.* (1980), 81 Ill. App. 3d 866, 401 N.E.2d 1154.

■■ In medical malpractice cases, the cause of action accrues when the person injured learns of his injury or should reasonably have learned of it. (*Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 40, 262 N.E.2d 450, 455.) The limitations period does not begin to run until there exists actual or constructive knowledge of both a physical problem and that someone

is or may be at fault for its existence. *Roper v. Markle* (1978), 59 Ill. App. 3d 706, 713, 375 N.E.2d 934, 939.

■■ Applying this analysis to plaintiff's case, we find she had knowledge that someone may have been at fault for her husband's injuries before the time of his death. Plaintiff had 2 years after she knew of the injury and not more than 4 years after the date on which the wrongful act occurred to file suit. (Ill. Rev. Stat. 1979, ch. 83, par. 22.1.) Plaintiff asserts that the wrongful act occurred on December 31, 1974. The new amendment to section 14.1 (Ill. Rev. Stat. 1979, ch. 83, par. 15.1), which became effective on October 1, 1977, was applied retroactively (see *Nergenah v. Norfolk & Western Ry. Co.* (1980), 81 Ill. App. 3d 866, 401 N.E.2d 1154); thus, plaintiff was required to bring her suit by December 31, 1978.

Since the law allows retroactive application when there remains a reasonable time for suit to be brought before the new statute operates as a bar, we must determine whether plaintiff had a reasonable time to file her action. In *Nergenah*, a 7½-month period elapsed between the effective date of the new amendment to the statute of limitations and the filing of the suit by plaintiff. The court found that Nergenah's action was filed within a reasonable time. (*Nergenah*, at 868.) Giving the new amendment the most liberal construction, we find that plaintiff, here, had a 14-month period (from the effective date of the amendment to the final date in which plaintiff could file her action) to bring her suit. However, plaintiff filed suit 19 months after the effective date of the amendment which is an unreasonable length of time.

We find that plaintiff did not file suit within the period prescribed by the applicable statute of limitations; that there was a reasonable period within which she could have brought her pre-existing claim; and that dismissal of the case by the trial court was proper.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

LINN and JIGANTI, JJ., concur.