RICHARD JONES *et al.*, Plaintiffs-Appellants, *v.* DR. NORMAN BRILL *et al.*, Defendants-Appellees.

First District (4th Division)    No. 81-1822

Opinion filed June 11, 1981.—Rehearing denied July 23, 1981.

W. James Brown and William J. O'Connor, both of Chicago, for appellants.

McKenna, Storer, Rowe, White & Farrug and Baker & McKenzie, both of Chicago (John F. White, Robert S. Soderstrom, James P. DeNardo, Francis D. Morrissey, Norman J. Barry, Jr., and Terrence M. Johnson, of counsel), for appellees.

Mr. PRESIDING JUSTICE ROMITI delivered the opinion of the court:

The plaintiffs, Richard Jones and Delores Jones, husband and wife, appeal from the dismissal of their medical malpractice action as barred by the statute of limitations. We hold that where the alleged malpractice occurred in 1971 but was not discovered until 1979, an amendment effective in 1976 reducing the period in which suit could be filed from ten to four years is inapplicable to bar the action and reverse.

The alleged malpractice occurred on October 28, 1971 when defendants allegedly failed to remove certain stitches from Richard Jones' stomach. At that time, the applicable statute of limitations (Ill. Rev. Stat. 1971, ch. 83, pars. 15, 22.1), provided that the plaintiffs had two years from the time they actually knew or should have known of the facts of the injury and damages in which to bring the action except that in no event could an action be commenced more than *10 years* after the treatment or operation. Plaintiffs allegedly first learned of the injury and damage in July 1979. They filed suit on February 19, 1980.

In 1976 the statute of limitations was amended (Ill. Rev. Stat. 1977, ch. 83, par. 22.1), because of the medical malpractice crisis (see *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560, *appeal dismissed* (1980), ___ U.S. ___, 66 L. Ed. 2d 11, 101 S. Ct. 54), to provide that no actions could be filed more than 2 years after the claimant knew or through the use of reasonable diligence should have known of the injury but in no event could the action be brought more than *4 years* after the date on which the alleged act occurred. It is obvious that if the old statute is applied, the plaintiffs' action was not barred until July 1981, assuming their claim that the injury was not discovered until July 1979 is correct; and the defendants have not disputed this claim. Thus it follows that the suit filed in 1980 would be timely. But if we apply the 1976 statute, then no suit could be brought after October 28, 1975, and the 1980 action was not timely.

■■■ Illinois follows the rule generally accepted elsewhere (51 Am. Jur. 2d *Limitation of Actions* §38 (1970)), that an amendment shortening the

period in which suit may be filed will not be retroactively applied so as to terminate a cause of action unless the party has a reasonable amount of time after the amendment's effective date in which to file his action. (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560, *appeal dismissed* (1980), ___ U.S. ___, 66 L. Ed. 2d 11, 101 S. Ct. 54; *Hupp v. Gray* (1978), 73 Ill. 2d 78, 382 N.E.2d 1211; *Arnold Engineering, Inc. v. Industrial Com.* (1978), 72 Ill. 2d 161, 380 N.E.2d 782; *Meegan v. Village of Tinley Park* (1972), 52 Ill. 2d 354, 288 N.E.2d 423; *Trustees of Schools v. Batdorf* (1955), 6 Ill. 2d 486, 130 N.E.2d 111; *Nergenah v. Norfolk & Western Ry. Co.* (1980), 81 Ill. App. 3d 866, 401 N.E.2d 1171; *Cutsinger v. Cullinan* (1979), 72 Ill. App. 3d 527, 391 N.E.2d 177.) Since under the 1976 statute the action would have been barred after October 1975, it is clear that plaintiffs did not have a reasonable amount of time after the amendment's effective date (September 19, 1976), in which to file their action. Accordingly, the 1976 statute cannot be applied to this action.

Defendants, however, argue that this rule is inapplicable because plaintiffs' cause of action did not accrue until July 1979 when the injury was discovered; and that *Anderson* held that the action could be barred before it was discovered. While the supreme court in *Anderson* did state that the fact it was possible under the new statute for an action to be barred before it was discovered did not violate due process, that court still applied the usual rule in determining whether the new statute was applicable. It applied the new statute since it determined that the plaintiffs had a reasonable time, 8 months after the effective date of the statute and 16 months after discovery, in which to file the action.

*Cutsinger v. Cullinan* (1979), 72 Ill. App. 3d 527, 391 N.E.2d 177, is precisely in point. In that case, there was some question whether the injury was discovered on September 4, 1976, or on October 7, 1976. The appellate court held that in either case the new statute was inapplicable since the plaintiff did not have a reasonable time after the effective date of the amendment in which to file her action. As *Cutsinger* pointed out, "[a]n October 7 discovery date would have allowed plaintiff no period whatsoever and this would be a plain violation of the *Arnold* principle." 72 Ill. App. 3d 530, 391 N.E.2d 180.

Defendants rely on this court's statement in *Gaudynski v. Corbett* (1980), 81 Ill. App. 3d 910, 401 N.E.2d 1218, that since the statute became effective before the filing of the complaint, it was applicable. A reading of the whole opinion discloses, however, that this court neither could nor intended to overrule the Illinois Supreme Court. Rather, the rule laid down by the supreme court limiting applicability of an amendment was never raised in that case. Furthermore, it is clear that in fact the new statute was not applied in that case. If it had been this court would have held that the plaintiff's action was barred for failure to file within the

four-year period rather than determining as it did that the plaintiff's action was barred because he should have discovered the injury more than two years prior to the filing of the complaint.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the case remanded for further proceedings.

Reversed and remanded.

JOHNSON and LINN, JJ., concur.