ROBERT BALZER, Plaintiff-Appellee, *v.* INLAND STEEL CO., Defendant.—
(McDOWELL-WELLMAN ENGINEERING CO., Defendant-Appellant.)

First District (2nd Division)    No. 81-506

Opinion filed October 13, 1981.

William J. Stellman, of Wegner, Stellman, McCord, Wood & Dalton, of Chicago (Paul R. DeRensis and David M. Gravallese, both of Powers and Hall, of Boston, Massachusetts, of counsel), for appellant.

Leonard M. Ring & Associates, of Chicago (Leonard M. Ring and Judith E. Fors, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:
In this product liability action based upon the theory of strict liability in tort, the circuit court denied defendant McDowell-Wellman Engineering Co.'s (M-W) motion to dismiss the claim against it pursuant to the

statute of repose. (Ill. Rev. Stat. 1979, ch. 83, par. 22.2.)[1] From an order entered by the circuit court, this court granted a permissive interlocutory appeal pursuant to Supreme Court Rule 308 (73 Ill. 2d R. 308).

The question identified by the circuit court is, as paraphrased, whether the statute of repose should be applied to a cause of action "existing" prior to the effective date of the statute so as to bar plaintiff Robert Balzer's (Balzer) claim against M-W.

In 1959 and 1960, M-W engineered, built, and delivered a steel sintering plant to defendant Inland Steel Co. (Inland). Balzer was employed by a company hired by Inland to do construction work at the latter's plant. On January 31, 1978, Balzer was injured while working near the sintering plant.

Balzer filed a complaint against Inland on July 27, 1978. On February 6, 1979, Balzer amended the complaint and added M-W as a party defendant. Thereafter, M-W filed a motion to dismiss the count against it. The basis for this motion was M-W's contention that the statute of repose barred Balzer's claim against it. The circuit court denied the motion and later certified the matter for interlocutory appeal pursuant to Rule 308. This court granted M-W leave to appeal.

# I

M-W argues that the language of the statute of repose and the legislative history of that provision demonstrate that the legislature intended the statute to apply to all causes of action based upon strict liability in tort, whenever accrued, and that such retroactive application of the statute acts to bar Balzer's claim against it.

■■ The general rule utilized where a statute decreases the time in which an action may be filed is that the statute will not be retroactively applied unless there exists a reasonable amount of time after its effective date for filing of claims which "existed" prior thereto. (*Nergenah v. Norfolk & Western Ry. Co.* (1980), 81 Ill. App. 3d 866, 868, 401 N.E.2d 1154, 1155-56; *Anderson v. Wagner* (1978), 61 Ill. App. 3d 822, 825, 378 N.E.2d 805, 807-08, *aff'd* (1979), 79 Ill. 2d 295, 402 N.E.2d 560, *appeal dismissed* (1980), 449 U.S. 807, 66 L. Ed. 2d 11, 101 S. Ct. 54; see generally 2 Sutherland, Statutes & Statutory Construction §41.09 (4th ed. 1973).) Contrary to the argument of M-W, the period which is scrutinized by the courts for its reasonableness is, as noted, *not* the period between the

---

[1] The statute of repose states, in relevant part:
"[N]o product liability action based on the doctrine of strict liability in tort shall be commenced except ° ° ° within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff ° ° °." (Ill. Rev. Stat. 1979, ch. 83, par. 22.2(4)(b).)
The statute had an effective date of January 1, 1979.

passage of the statute and its effective date.[2] Rather, examination of cases on the subject demonstrates that the relevant period is that time between the statute's effective date[3] and the date on which the pre-existing cause of action would be barred[4] under the new statute as applied. (See *Hupp v. Gray* (1978), 73 Ill. 2d 78, 83, 382 N.E.2d 1211, 1213-14; *Arnold Engineering, Inc. v. Industrial Com.* (1978), 72 Ill. 2d 161, 166, 380 N.E.2d 782, 784-85; *Meegan v. Village of Tinley Park* (1972), 52 Ill. 2d 354, 359, 288 N.E.2d 423, 426; *Jones v. Brill* (1981), 97 Ill. App. 3d 943, 944-45, 423 N.E.2d 930, 930-31; *Charles v. Meyer Medical Group, S.C.* (1981), 96 Ill. App. 3d 275, 277, 421 N.E.2d 334, 335; *Thurston v. City of East Alton* (1980), 85 Ill. App. 3d 382, 384, 406 N.E.2d 876, 877-88.) The cases also indicate that the determination of whether the statute will be applied is made on a case by case basis.[5]

■■ In the instant case, retroactive application of the statute of repose would bar Balzer from proceeding against M-W on the strict product liability cause of action. M-W delivered the product which allegedly caused Balzer's injury in 1960. Balzer suffered the injury in 1978. Clearly, this injury occurred outside of the limitation period of the statute. Thus, were the statute applicable here, Balzer's action against M-W would have become barred immediately upon the provision's effective date, January 1, 1979. Since there was no period of time whatsoever for Balzer to have filed the action after the statute's effective date, clearly there cannot be found the reasonable period required to allow retroactive application of the provision here.[6]

■■ M-W also asserts that the legislature clearly intended that the statute of repose have retroactive application. In support of the contention, M-W

---

[2] M-W relies chiefly upon *Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 122 N.E.2d 513. We have examined that holding and find no contradiction therein with the holdings of the numerous authorities cited in the succeeding text of our opinion. In *Orlicki*, the supreme court based its decision to retroactively apply a new limitation statute upon a legislative intent which is not apparent in the present provision, and upon a procedural-substantive distinction which we consider tangential to this case. We note that, had the *Orlicki* court chosen to make the analysis we make, the statute there still would have been retroactively applied, since the plaintiff had 23 months to file after the statute's effective date, but failed to do so. Certainly, that period constituted a reasonable time so as to allow retroactive application.

[3] Here, January 1, 1979.

[4] In this case, since the product was sold no later than 1960, under facts read most favorably to Balzer, the statute of repose would bar any action in 1972, 12 years after the sale.

[5] M-W expressed concern on oral argument that adoption of this rule would allow each court to determine for itself when the statute "became effective." We merely point out that the question is not when the statute becomes *effective* (which clearly is on that date prescribed by the legislature), but is whether the statute as effected is to be *applied* to a particular fact situation.

[6] Under the statute of limitations otherwise applicable here, Balzer would have had two years, or until January 31, 1980, to file an action against M-W. Ill. Rev. Stat. 1979, ch. 83, par. 15.

can only point to the fact that an amendment which allegedly would have made the statute of prospective effect was tabled. M-W reasons that this action demonstrates that the legislature thus intended a retroactive application. Examination of the legislative proceedings shows only that the tabling action did in fact occur. (House of Rep. debate on H. B. 1333, May 25, 1978.) There was no discussion of the substance of that action, nor is there any indication elsewhere that the legislature had the assigned intent. This vague activity certainly does not support M-W's argument, nor does it contradict the general rule, stated above, concerning retroactivity of such enactments.

Finally, this court will not address Balzer's *pro forma* constitutional arguments as they are unnecessary to resolution of the case.

For the reasons stated, we find that the circuit court of Cook County correctly denied M-W's motion to dismiss by refusing to apply the statute of repose in this case.

Affirmed.

HARTMAN, P. J., and STAMOS, J., concur.