THE CHAMPAIGN COUNTY NURSING HOME, by the Board of Supervisors of Champaign County, Plaintiff-Appellant, *v.* PETRY ROOFING, INC., Defendants-Appellees, *et al.*, Defendants-Appellees.

Fourth District   No. 4—82—0756

Opinion filed August 8, 1983.

Robert P. Moore and Robert A. Hoffman, both of Moore & Associates, of Champaign, for appellant.

Dobbins, Fraker, Tenant, Joy & Perlstein, of Champaign (D. Cameron Dobbins, of counsel), for appellee Petry Roofing, Inc.

Hurshal C. Tummelson and Jeffrey W. Tock, of Phebus, Tummelson, Bryan & Knox, of Urbana, for appellee English Brothers Company General Contractors.

Carl M. Webber and Jerome J. Bromiel, both of Webber & Thies, P.C., of Urbana, for appellees Isaksen & Matzdorff, Victor E. Isaksen, and R. H. Matzdorff.

JUSTICE MILLS delivered the opinion of the court:

A limitations period is shortened, but by virtue of a savings clause, the relevant statute is applicable only to acts or omissions occurring after its effective date.

Later, the savings clause is repealed.

May the holder of a claim which—but for the savings clause—is barred, successfully maintain an action on the claim which is filed some months after repeal of the savings clause?

No.

We affirm.

### FACTS

Between May 1971 and September 1973, defendants, pursuant to contracts with plaintiff, designed and constructed an addition to the Champaign County Nursing Home. On or before April 1, 1978, employees of plaintiff discovered damage to the addition's roof, gutters and soffit. In July 1979, plaintiff became aware that the damage may have resulted from defects in the design and construction of the addition. On April 16, 1982, plaintiff filed suit against defendants, alleging that the damage to the addition was attributable to various acts of misfeasance and malfeasance on their part in design, construction, and supervision of construction. The circuit court dismissed the suit

on December 29, 1982, holding that the action was barred by the applicable statute of limitations.

At the time that the damage was discovered, the relevant statutes of limitations prescribed a five-year limitation period for actions premised on negligent damage to property and a 10-year limitation period for actions premised on written contracts. (Ill. Rev. Stat. 1977, ch. 83, pars. 16, 17.) On November 29, 1979, a special statute of limitations relative to actions based on tort or contract and arising out of the negligent design, planning, construction, etc., of buildings became effective. This legislation prescribed a limitation period of two years from discovery of the relevant act or omission with a maximum limitation period of 12 years from the date of the act or omission. (Ill. Rev. Stat., 1980 Supp., ch. 83, pars. 22.3(a), (b).) The statute further provided: "The limitations of this Section shall apply to all acts or omissions which occur on or after the effective date of this amendatory Act of 1979." (Ill. Rev. Stat., 1980 Supp., ch. 83, par. 22.3(e).) On September 16, 1981, the statute was re-enacted without the language just quoted. Ill. Rev. Stat. 1981, ch. 83, par. 22.3.

The Code of Civil Procedure, as originally enacted, contained the language of the initial version of former section 21.3 of the Limitations Act (Ill. Rev. Stat., 1980 Supp., ch. 83, par. 22.3) and, thus, the savings clause contained in subsection (e) of former section 21.3 again became effective on July 1, 1982. (See Ill. Rev. Stat. 1981, ch. 110, par. 13—214(e).) On July 13, 1982, however, section 13—214 of the Code was re-enacted *without the savings clause*. Ill. Rev. Stat., 1982 Supp., ch. 110, par. 13—214.

OPINION

■ The question of whether a statute operates retroactively, or has prospective effect only, is primarily one of legislative intent. (*Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 447 N.E.2d 408.) During the debate in the House of Representative on the bill which re-enacted section 21.3 of the Limitations Act (Ill. Rev. Stat. 1981, ch. 83, par. 22.3) *without the savings clause*, Representative Mautino, the bill's House sponsor, stated:

"Last year in the 81st General Assembly we passed Public Act 81—1169 [section 21.3] which set the statute limitation on construction and repairs on real estate. We put that statute of limitations, it's to be twelve years after the building and within a two year period for the filing fee [*sic*].

What this legislation does is allow those buildings built before 1979 to come under the same provisions that we enacted under

Public Act 81—1169 ***.
***

The legislation [section 21.3] was passed by this General Assembly addressing those new buildings that were put up from 1979. I think the same provision should be enacted under the same statute of repose for those that were built before. I think it's only fair since we know that those buildings are in good shape. They've been standing for more than the 12 years, and it would only affect those that are not under the current law. *** It's fair and it basically eliminates all those designs and records, etcetera, that some of the architects in buildings and engineers will have to maintain for a lifetime if, in fact, we don't do this." (Transcription of House Proceedings, May 18, 1981, at 244-46.)

On the basis of these statements, it is apparent that the legislative intent was that the repeal of the savings clause act as an immediate bar to actions premised on defects in the design and construction of buildings constructed before 1979 which at that time would have been barred but for the savings clause. That the legislature intended the repeal of the savings clause to have immediate effect is also borne out by the deletion of the clause almost immediately after its erroneous inclusion in the Code of Civil Procedure.

Even where there is a clear legislative intent that a statute be given *retroactive* effect, however, the enactment will not be so applied when to do so would lead to unreasonable or unjust results. (*Hathaway v. Merchants' Loan & Trust Co.* (1905), 218 Ill. 580, 75 N.E. 1060.) Whether retroactive application of legislation is permissible is not dependent on such outmoded distinctions as whether vested or nonvested rights are affected, or whether a statute affects rights or merely affects remedies. Rather, such cases must be decided on the basis of whether basic concepts of justice, fairness and equity militate for or against the retroactive application of the statute to a particular class of persons. Generally, retroactive statutes which courts have declared invalid have been deemed "oppressive, impolitic, unjust, arbitrary, do substantial injury, are unreasonable, wanting in equity, [and] inconsistent with 'the prevailing views of justice.' " (Smith, *Retroactive Laws and Vested Rights*, 5 Tex. L. Rev. 231, 247-48 (1927).) In applying fundamental concepts of justice, fairness and equity to the issue of whether a particular statute of limitations should be retroactively applied to a given class of individuals, the most important inquiry is whether retroactive application gives effect to, or defeats, the *bona fide* expectations of the members of the class. The competing in-

terests of the affected persons must be carefully weighed in order to arrive at a just result. See Smith, *Retroactive Laws and Vested Rights II*, 6 Tex. L. Rev. 409, 427, 431 (1928); see also *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 242-43, 447 N.E.2d 408, 416 (Ryan, J., concurring).

■ In instances where a statute of limitations which shortens the period in which to bring an action is enacted without a savings clause, justice requires that the owner of a cause of action which is barred by the current statute be afforded a reasonable time after its effective date in which to bring his action. (See generally *Nergenah v. Norfolk & Western Ry. Co.* (1980), 81 Ill. App. 3d 866, 401 N.E.2d 1154; *Cutsinger v. Cullinan* (1979), 72 Ill. App. 3d 527, 391 N.E.2d 177.) In such a situation, the holder of a cause of action has little or no advance notice that the period of time for bringing his action is about to draw to a close. Furthermore, the potential defendants—on the basis of case law as developed in decisions such as *Nergenah* and *Cutsinger*—have reason to believe that despite the current limitations period, the claims against them will not be barred until after the claimants have had a reasonable time to file their actions. In such circumstances, the interest of claimants in not having their right to relief immediately cut off by a new statute of limitations outweighs the interest of potential defendants in obtaining the immediate protection of the current statute.

The case *sub judice* presents a different situation, however. Here, by virtue of its savings clause, the current statute of limitations was not made immediately applicable to the plaintiff's cause of action. It is not unusual for statutes of limitations to include provisions such as this, which are intended to preserve for a short period rights which are in existence as of their effective date. In most instances, the statute expressly states the duration of this period. (See 53 C.J.S. *Limitations of Actions* sec. 4(b), at 915 (1948).) Although the savings clause at issue here contains no such express statement as to its duration, it was certainly the legislature's prerogative to bring an end to the applicability of the savings clause after it had been in force for a reasonable period of time.

In the present case, the plaintiff had over 21 months between the effective date of the current statute of limitations and the repeal of its savings clause, and at least 39 months between the date that it discovered the damage and the date of the repeal in which to file suit. Instead of acting with diligence to protect its rights during the time that the savings clause was in force, the plaintiff did nothing. The defendants could reasonably have concluded from plaintiff's inac-

tion while the savings clause was in force that plaintiff had no intention of enforcing its rights against defendants and could justifiably have regarded the legislature's repeal of the savings clause as bringing an end to their exposure to liability stemming from plaintiff's claims.

■ Under these circumstances the interest of potential defendants in being able to rely on the repeal of a savings clause as a final bar to the claims of others outweighs the claimants' interest in being able to pursue actions filed several months after repeal of the savings clause.

(In support of its argument that it was entitled to a reasonable period of time following repeal of the savings clause in which to file suit, plaintiff cites the following cases: *Moore; Balzer v. Inland Steel Co.* (1981), 100 Ill. App. 3d 1071, 427 N.E.2d 999; *Jones v. Brill* (1981), 97 Ill. App. 3d 943, 423 N.E.2d 930; *Nergenah; Cutsinger*; and *Hupp v. Gray* (1978), 73 Ill. 2d 78, 382 N.E.2d 1211. We have carefully examined all of these decisions. None are dispositive of the issue before us, since none of them dealt with the effect of the *repeal of a savings clause* contained in a statute of limitations.)

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

WEBBER, P.J., and TRAPP, J., concur.