THOMAS DeSEVE, Plaintiff-Appellant, v. LADD ENTERPRISES, INC., a/k/a Inproject Corporation, *et al.*, Defendants-Appellees.

Second District   No. 2—84—0915

Opinion filed October 23, 1985.

Charles A. Cohn and Erwin Cohn, both of Cohn & Flynn, of Chicago, for appellant.

Francis D. Morrissey, Gerald L. Maatman, Jr., and John C. Filosa, all of Baker & McKenzie, of Chicago, and Vette E. Kell, of Kell, Nuell & Loizzo, of Woodstock, for appellees.

JUSTICE HOPF delivered the opinion of the court:

On February 16, 1983, Thomas DeSeve, brought an action for injuries he incurred on August 9, 1981, when the floor of a home he was visiting collapsed. Plaintiff claimed that the defendants were negligent in the construction and/or design of the home in which he was injured. Defendant, Inproject Corporation (Inproject), filed a motion to dismiss plaintiff's cause of action pursuant to plaintiff's failure to commence his action within the time limited by law. (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(5).) Additionally, defendant, Residential Development Group, Inc. (Residential), filed a motion for summary judgment also

based on plaintiff's failure to timely file his cause of action. The trial court granted Inproject's motion to dismiss and also granted Residential's motion for summary judgment, treating it as a motion to dismiss. Plaintiff's motion for rehearing was denied. This appeal followed.

Plaintiff's original complaint of February 16, 1983, sought recovery for injuries suffered as a result of falling through the living room floor of a home in McHenry County where plaintiff was a guest. The complaint was brought in Cook County against Pistakee Sand & Gravel, Ladd Enterprises, Inc., R.D.G. Builders, and Northern Illinois Realtors. The complaint alleged that the various defendants had been negligent in the construction and/or design of the house in which plaintiff was injured and that the defendants had breached their implied warranty of habitability. Subsequently, Northern Illinois Realty Service, Inc. (sued as Northern Illinois Realtors), moved to transfer venue from Cook County to McHenry County and the motion was granted.

On November 2, 1983, plaintiff's present counsel filed its appearance as plaintiff's attorneys and also filed an amended complaint, naming as defendants, Ladd Enterprises, Inc., Residential Development Group, Inc., and Northern Illinois Realtors. On December 20, 1983, plaintiff filed a second-amended complaint naming Ladd Enterprises, Inc., under its alleged present name, Inproject Corporation, and also naming Residential Development Group, Inc. On February 17, 1984, an alias summons was issued for Inproject. That summons was served on March 7, 1984.

On April 5, 1984, Inproject filed its appearance and a motion to dismiss pursuant to section 2—619(a)(5) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(5)). Defendant, Residential, filed a motion for summary judgment on April 6, 1984. The basis for both defendants' motions was that plaintiff's complaint was barred pursuant to the statute of repose, section 13—214 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1983, ch. 110, par. 13—214.) At the time plaintiff filed his complaint the construction and design statute of repose of section 13—214 barred any action relating to an act or omission in the "design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 12 years had elapsed from the time of such act or omission." (Ill. Rev. Stat. 1983, ch. 110, par. 13—214(b).) Since the house in which plaintiff was injured was completed in 1968, more than 12 years prior to the date of plaintiff's injury and nearly 15 years prior to the filing of plaintiff's complaint, defendants contended in their motions that plaintiff's complaint was not timely filed.

On May 29, 1984, the trial judge in a memorandum opinion granted

Inproject's motion to dismiss based on the fact that plaintiff's second-amended complaint was not brought within a reasonable time and denied Residential's motion for summary judgment on the theory that commencement of plaintiff's action against Residential was within a reasonable time. Both plaintiff and defendant Residential filed motions for reconsideration.

Subsequently, on June 6, 1984, the judge vacated his memorandum opinion, citing his impending retirement as a basis for his order, and referred the case to another judge. On August 15, 1984, this judge issued a letter stating his reasoning for a subsequent August 23, 1984, order which granted defendant Inproject's motion to dismiss and defendant Residential's motion for summary judgment which the court chose to categorize as a motion to dismiss. On August 23, plaintiff filed a motion for rehearing which was summarily denied. Plaintiff filed a timely notice of appeal.

At the time of plaintiff's injury on August 9, 1981, subsection (e) of former section 21.3 of the Limitations Act was in existence. (Ill. Rev. Stat., 1980 Supp., ch. 83, par. 22.3(e), now codified as Ill. Rev. Stat. 1983, ch. 110, par. 13—214.) Subsection (e) stated:

> "(e) The limitations of this Section shall apply to all acts or omissions which occur on or after the effective date of this amendatory Act of 1979."

Under this subsection plaintiff had the ability to bring a cause of action against any person for an act or omission in the November 1968 design and/or construction of the house in which plaintiff had been injured when the living room floor had collapsed. However, on September 16, 1981, 38 days after plaintiff's injury, subsection (e) was repealed, having the apparent effect of severing plaintiff's pre-existing cause of action by bringing it under the purview of subsection (b), which states:

> "(b) No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 12 years have elapsed from the time of such act or omission; provided, however, that any person who discovers such act or omission prior to expiration of 12 years from the time of such act or omission shall in no event have less than 2 years to bring an action as provided in subsection (a)." Ill. Rev. Stat., 1980 Supp., ch. 83, par. 22.3(b), now codified as Ill. Rev. Stat. 1983, ch. 110, par. 13—214(b).

In this court plaintiff contends that the repeal of former subsection (e) should not be applied retroactively to instantaneously bar his pre-

existing claim. The bases for plaintiff's contention are (1) that the legislature in repealing former subsection (e) did not intend for it to be applied retroactively, and (2) that plaintiff was entitled to a reasonable time after the effective date of the repeal of subsection (e) to bring his lawsuit since his claim was immediately barred on the effective date of the repeal. Both defendants, Inproject and Residential, argue conversely, maintaining that the legislature's intent in repealing the savings clause embodied in former subsection (e) was to effectively bar stale claims, such as plaintiff's. Additionally, both defendants argue that plaintiff did not bring his action within a reasonable time after the effective date of the repeal.

■■ ■ Whether a statute operates retrospectively or prospectively only depends upon the intent of the legislature absent which courts presume the legislature intended its enactment to operate prospectively and not retrospectively. (*Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, 235, 447 N.E.2d 408; *Schantz v. Hodge-VonDeBur* (1983), 113 Ill. App. 3d 950, 952-53, 447 N.E.2d 1355.) In the instant case, both parties refer to the transcript of the debate which occurred regarding the passage of Public Act 82—539, the amendment to section 13—214 which deleted the savings clause of former subsection (e). Defendants argue that comments specifically indicate that the amendment was meant to immediately bar actions for injuries occurring prior to the effective date of the amendment. On the other hand, plaintiff interprets the remarks to mean that the repeal of the savings clause was aimed at avoiding unlimited future liability for older buildings and not at the severance of pre-existing claims. We interpret the discussion which occurred prior to the passage of the amendment as indicative of the legislature's intent that the amendment was to bar any claims which existed prior to the effective date of the amendment, September 16, 1981, thereby causing the amendment to be retroactive in its operation and to instantaneously bar plaintiff's claim (see Transcript of Debate of May 18, 1981, at 229-31, from the House of Representatives of the 82nd General Assembly).

Nevertheless, even where the legislative intent is clear that a statute be given retroactive effect, the enactment will not be so applied when to do so would lead to unreasonable or unjust results. (*Champaign County Nursing Home v. Petry Roofing, Inc.* (1983), 117 Ill. App. 3d 76, 79, 452 N.E.2d 847.) To retroactively apply the repeal of the savings clause to plaintiff's claim, which occurred only 38 days prior to the effective date of that repeal, appears unreasonable and unjust. Justice requires that an amendment shortening the time for filing a suit should not be retroactively applied so as to terminate a cause of

action which existed prior thereto unless the party whose claim would be barred is afforded a reasonable time after the amendment's effective date in which to file his action. (*Champaign County Nursing Home v. Petry Roofing, Inc.* (1983), 117 Ill. App. 3d 76, 80, 452 N.E.2d 847; *Thurston v. City of East Alton* (1980), 85 Ill. App. 3d 382, 384,406 N.E.2d 876; *Nergenah v. Norfolk & Western Ry. Co.* (1980), 81 Ill. App. 3d 866, 868, 401 N.E.2d 1154.) The period which is scrutinized by the courts for its reasonableness is that time between the statute's effective date and the date on which the pre-existing cause of action would be barred under the new statute as applied. (*Balzer v. Inland Steel Co.* (1981), 100 Ill. App. 3d 1071, 1072-73, 427 N.E.2d 999.) In the instant case, if amended section 13—214 (*i.e.*, minus the savings clause) was applied retroactively, plaintiff's action would have been barred immediately upon the amendment's effective date, September 16, 1981. Thus, the reasonable period required to allow retroactive application of the amendment was nonexistent, since there was no period of time whatsoever for the plaintiff here to have filed his action after the amendment's effective date. (See *Balzer v. Inland Steel Co.* (1981), 100 Ill. App. 3d 1071, 1073, 427 N.E.2d 999.) As a result, we believe that plaintiff could have salvaged his action if he had filed within a reasonable time.

■ We consider it important to our determination of what constitutes a reasonable time frame that plaintiff's cause of action would have been barred by the limitations of former section 21.3 of the Limitations Act (Ill. Rev. Stat., 1980 Supp., ch. 83, par. 22.3) but for the savings clause of that section. Pursuant to subsection (b), plaintiff would have had no cause of action because his injury occurred more than 12 years after the negligent act or omission in the 1968 construction and/or design of the home in which he was injured. In our opinion, the purpose of the savings clause in question was to preserve for a limited period rights which were in existence as of the effective date of the 1979 statute. It could not have been the legislature's intention to permit the savings clause to abolish indefinitely the statute of repose as to homes built prior to 1979. Such an action would have had the effect of making a builder all but a lifetime guarantor of his homes. Thus, we determine that had plaintiff filed his cause of action within a year of the effective date of the repeal of the savings clause that duration of time could be considered reasonable, but that a 17-month delay in bringing his action against defendant Residential was unreasonable, given the apparent intent of the statute of repose to eliminate stale claims.

■ We also find that despite plaintiff's contention that defendant

Inproject had always been a party to this suit but under the misnomer "Ladd Enterprises, Inc.," the record is void of any evidence to support this claim. Moreover, the crucial inquiry in dealing with an issue of misnomer is who did plaintiff intend to sue. (See *Schultz v. Gerstein* (1977), 50 Ill. App. 3d 586, 365 N.E.2d 1128.) The most probative evidence of this intent is the party named by the plaintiff in the complaint. (*Clinton v. Avello* (1982), 105 Ill. App. 3d 336, 338, 434 N.E.2d 355.) The name, Ladd Enterprises, Inc., is not in any way similar to the name, Inproject Corporation, so as to make this case fall in line with those cases that have found that a misnomer was not a ground for dismissal because the name of the party sued was substantially similar to the correct name. See, *e.g., Kern v. Uregas Service of West Frankfort, Inc.* (1980), 90 Ill. App. 3d 182, 412 N.E.2d 1037 (the Suburban Companies incorrectly sued as Suburban Gas Corporation).

Also, this is not a situation where the party intended to be made a defendant, *i.e.*, Inproject, was served as Ladd Enterprises, Inc., so as to give actual notice of the plaintiff's lawsuit to the real party in interest. The record reflects that Inproject was not served until March 7, 1984. Moreover, although plaintiff states in his brief that he presently has evidence to show that Ladd had changed its name several times since 1968 and that Inproject is, in fact, the same corporation as Ladd, this evidence has not been made a part of the record on appeal. Furthermore, the record shows that as early as March 1983 (one month after plaintiff brought his action) plaintiff was informed by another defendant (no longer a party to this action) through its motion for change of venue that Ladd had allegedly dissolved two years prior to the filing of plaintiff's action. Whether, during the year that passed between the time plaintiff received this information and the time Inproject was served, plaintiff made any attempt to verify the information or to determine whether Ladd existed under a different name is not evident from the record. We consider plaintiff's failure to show the real party, Inproject, had notice of his claim until 30 months after the repeal of the savings clause to be fatal to his cause of action.

In view of the above, we affirm the judgment of the circuit court of McHenry County.

Affirmed.

UNVERZAGT and SCHNAKE, JJ., concur.