MARIAN SUE TRAVIS, Appellant, v. THE HUMAN RIGHTS COMMIS-SION *et al.*, Appellees.

Fifth District   No. 5—91—0325

Opinion filed March 16, 1993.

650

Marian Sue Travis, of Ullin, petitioner *pro se*.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Alison E. O'Hara, Assistant Attorney General, of Chicago, of counsel), for respondents.

PRESIDING JUSTICE CHAPMAN delivered the opinion of the court:

Marian Sue Travis began working as a secretary at the Pulaski County probation office (Probation Office) on April 24, 1984. On December 9, 1985, Travis filed a discrimination charge with the Illinois Department of Human Rights (Department). She named as respondents the County of Pulaski, the Pulaski County Board of Commissioners, and the Pulaski County Probation Office. Her employment was terminated on March 12, 1986, for the stated reasons that she was insubordinate, lacked loyalty, and had an attitude unbecoming to a secretary. On May 5, 1989, the Department filed a complaint with the Illinois Human Rights Commission (Commission) on Travis' behalf. The sole respondent named in the complaint was the County of Pulaski. The complaint alleged that the county discharged Travis to retaliate against her because she had filed an earlier discrimination charge against the county. The County of Pulaski filed a motion to dismiss plaintiff's complaint.

At an evidentiary hearing on the motion to dismiss, evidence was presented as to the parties' employment relationship. Travis argued that she was a county employee, that the county paid her salary, and that the County of Pulaski was, therefore, properly named

as respondent in her complaint. The County of Pulaski insisted that it was not her employer under the Illinois Human Rights Act (Ill. Rev. Stat. 1991, ch. 68, par. 1—101 *et seq.*), but that her employer was the Pulaski County probation department, which was under the auspices of the chief judge of the circuit court of Pulaski County, a State office. The administrative law judge issued a recommended order and decision for dismissal of the complaint because the named respondent, the County of Pulaski, was not the complainant's employer within the meaning of the Human Rights Act and was not responsible for her discharge. The Commission adopted the administrative law judge's recommended order and decision that the County of Pulaski did not violate the Illinois Human Rights Act because it was not the employer, and the Commission dismissed the complaint.

Travis, appearing *pro se*, filed a "Reinstatement of Complaint in Retaliation." On April 12, 1991, the Commission issued an order acknowledging that it would consider the document as a general exception to the administrative law judge's decision due to the plaintiff's *pro se* status. The Commission deemed the request for reinstatement to be a petition for rehearing and denied the petition. Travis appeals.

Travis argues that the Commission erred in dismissing her complaint because the original charge filed with the Illinois Department of Human Rights also named as her employers the Pulaski County Board of Commissioners and the Pulaski County probation department. Travis contends that because the probation department is a State office, it is clear that she named the State of Illinois as a party respondent. This argument is without merit.

■■ While plaintiff named several employers in her original charge of retaliation filed with the Department of Human Rights, it was the complaint filed by the Department with the Human Rights Commission, not the initial charge, which was adjudicated by the Commission. The Department investigates charges of discrimination and determines whether there is substantial evidence that a civil rights violation has occurred which would justify the issuance of a complaint. (Ill. Rev. Stat. 1991, ch. 68, par. 7A—102.) When there is a failure to settle or adjust a charge through conciliation, the Department prepares a complaint and files it with the Commission. (Ill. Rev. Stat. 1991, ch. 68, par. 7A—102.) Once the Department files a complaint, it is the Commission's responsibility to serve the complaint, commence a hearing regarding the complaint, and adjudicate the merits of the complaint. (Ill. Rev. Stat. 1991, ch. 68,

par. 8A—102.) Plaintiff was reminded of the procedure at the hearing on the motion to dismiss wherein the administrative law judge stated:

> "[M]atters that may have been addressed at the Illinois Department of Human Rights is [*sic*] not part of the commission's record. They are two separate and distinct agencies."

Plaintiff made no effort to amend the complaint before the Commission to add or substitute respondents. The pleadings filed with the Commission name only the County of Pulaski as a respondent in the case. She maintained throughout the proceedings before the Commission that the County of Pulaski was her employer and was the proper respondent.

■ We find that although plaintiff contends that the State of Illinois was always a party to this suit, the record is devoid of evidence to support this claim. (See *DeSeve v. Ladd Enterprises, Inc.* (1985), 137 Ill. App. 3d 796, 484 N.E.2d 1220.) Except for plaintiff's original charge filed with the Department naming the Pulaski County Board of Commissioners and the Pulaski County probation department, reference to these respondents in the record is nonexistent. Furthermore, the name, Pulaski County probation department, is not so similar to the name, State of Illinois, to support a finding that plaintiff indeed intended to name the State of Illinois as a party respondent. We find that the State of Illinois was not named as a party respondent.

Based on the foregoing, we affirm the decision of the Illinois Human Rights Commission.

Affirmed.

WELCH and GOLDENHERSH, JJ., concur.